[No. 17258.     Department Two.     February 3, 1923.]

ETHEL BROCK, *Appellant,* v. CHARLES LOUIS BROCK, *Respondent.*[1]

DIVORCE (104)— CUSTODY OF CHILD—MODIFICATION OF DECREE—
WELFARE OF CHILD. The welfare of the child under divided custody
being the controlling consideration, the modification of an order for
custody, requiring that the child, having attained school age, be
allowed to visit the divorced father over Saturday and Sunday, is
proper, considering that the child is entitled to the privilege of
association with both parents.

Appeal from an order of the superior court for
Pierce county, Card, J., entered January 16, 1922,
modifying a decree of divorce respecting the custody
of a child, after a hearing before the court. Affirmed.

*Gordon & Nolte* and *Geo. M. Thompson,* for appellant.

*A. O. Burmeister,* for respondent.

TOLMAN, J.—Respondent and appellant became husband and wife in 1915. A child was born of the marriage, and thereafter the wife brought suit for divorce. After a trial on the merits, a divorce was granted to the husband on his cross-complaint, and in the decree it was provided:

"That the main custody of the minor child, Kathleen Brock, shall be in the plaintiff, and at the home of the plaintiff's father and mother, Mr. and Mrs. Heitman, under the direction of the court, and until the further order of the court.

"That the plaintiff, or her mother and father or sisters, shall deliver to the defendant at the home of his mother and father the said child on the third Friday of each and every month hereafter between the hours of one and three o'clock p.m., and that the said

¹Reported in 212 Pac. 550.

child is to be returned by the defendant, or his relatives, to the plaintiff at the home of her parents on the following Monday between the hours of nine and eleven in the forenoon.

"That on all odd-numbered years the said child is to be delivered by the plaintiff, or by her relatives, to the defendant between the hours of three and four o'clock in the afternoon on December 24, and there to remain until the morning of December 27, between the hours of nine and eleven, when said child is to be delivered by the defendant or his relatives to the home of the plaintiff's mother and father."

Appellant complied with the terms of this decree for some time, but having remarried, she left the home of her father and mother, took the child to live in the new home, and in the course of time, when the child reached school age, she failed and refused to accord the father of the child the privileges which the decree awarded him, on the theory that the visits of the child to the father would interfere with her school work, and also upon the further ground, more seriously urged, that the divided control was deleterious to the welfare of the child. Respondent petitioned the court for an order directing the appellant to appear and show cause why she should not be punished for contempt, and appellant petitioned for a modification of the decree, so as to give her the sole care, custody and control of the child, with the privilege, only, to the father of seeing the child at any reasonable time.

Both petitions came on for hearing at the same time, and after listening to the testimony offered, the trial court found that appellant had willfully violated the terms of the decree, but because of the circumstances shown, refused to find her guilty of contempt, and proceeded by so modifying the decree as to give to the father the possession of the child every other week from 11 o'clock a. m. on Saturday to 5 o'clock p. m. on

the following Sunday, with certain other provisions touching holidays and a two-weeks' period during the summer vacation.

From the order modifying the decree, this appeal is taken.

It is urged that the provisions of the original decree are not adapted to a child attending school, and also that the child was not strong, was nervous and high-strung, and was being seriously affected by the divided control, and the frequent changes in environment occasioned by going from one home to the other.

In cases of this kind there is really but one issue before the court, namely, the welfare of the child, and to decide such an issue on the cold record presented on appeal is a very serious responsibility.

It may be conceded that divided control, where more or less hostility exists between the parents, is always bad, and in some cases extremely so. If the initiative lay with the courts, such a course would seldom be followed; but the conditions upon which the courts must act are brought about by the parents, and if they insist upon judicial action, they, and unfortunately their innocent children, must abide by the consequences.

No question ever submitted to the courts calls for greater care or wisdom in its decision, and none is more far-reaching in its consequences. In determining what is for the best welfare of a child of tender years, the courts must consider not only food, clothing, shelter, care, education and environment, but must also bear in mind that every such child is entitled to the love, nurture, advice and training of both father and mother, and to deny to the child an opportunity to know, associate with, love and be loved by either parent, may be a more serious ill than to refuse it in some part those things which money can buy. Since, by the acts of the parents, the child cannot have all

that it should, the courts must determine to what extent it shall enjoy the natural privilege of association with each parent, and the order appealed from represents the best judgment of the trial court upon that question, after having seen and listened to the personal testimony of both father and mother and the witnesses produced by each.

Having in mind our responsibility, we have carefully read, weighed and considered all of the evidence afforded by the record, and are convinced that there is nothing therein which even points toward the idea that a wrong conclusion was reached by the trial court in this case.

The judgment appealed from is therefore affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.