[No. 25878. Department One. October 22, 1935.]

MARGARET R. PRESSEY, *Appellant,* v. CLARENCE L. PRESSEY, *Respondent.*[1]

*Joseph H. Griffin,* for appellant.

*Sherwood & Heiman,* for respondent.

TOLMAN, J.—Appellant, as plaintiff, brought this action for divorce and, in addition, prayed for the custody of the minor child of the parties (a daughter between six and seven years of age), for support money, attorney's fees and costs. The defendant answered, denying all charges made against him, and by cross-complaint sought a divorce in his favor, together with the custody of the child. The cause was tried on the merits, resulting in findings of fact to the effect that each party had been guilty of acts toward the other rendering life burdensome, and as a result they could no longer live together as husband and wife; that each was a fit and proper person to have equal rights with the other in the custody and care of the child, and that neither was fit to have the full custody and care of the child. Appropriate conclu-

[1]Reported in 50 P. (2d) 891.

sions were made and an interlocutory decree was entered in favor of each on the divorce issue; awarding the custody of the child equally between the plaintiff and the defendant and providing in detail how such rights should be exercised; dividing the community property; awarding attorney's fees to the wife, but providing that neither party shall recover costs against the other.

From this decree, the plaintiff has appealed, assigning error only as to those portions of the decree which deny her the sole custody of the child and deny her the right to recover costs.

The trial court, after having heard and seen the witnesses and after having taken time for consideration and reflection, wrote a memorandum opinion from which we quote:

"A tragic situation has arisen in this case whereby each of the parties has contributed to their domestic conflict to such an extent that undoubtedly it is impossible for them to live together in any kind of harmony. Therefore it seems appropriate that each should be granted a divorce.

"The situation is further complicated by the fact that each of the parties at least professes the deepest love for the minor child, Margie Claire, now of the approximate age of seven years, and apparently the child loves each of the parents equally. Under these circumstances the problem of determining the custody is extremely difficult.

"Under ordinary circumstances, in view of the fact that the child is a girl of tender years, the mother would have a preferential right to custody, subject to the father's right of visitation at reasonable times, but in view of the fact that the testimony discloses that the mother has such dulled sensibilities as to propriety that she would send little children to the beer store to get beer for her, she has greatly weakened her natural position. Furthermore, all during the trial she exhibited such an unjustifiable stubborn-

ness and vindictiveness toward her husband, I deeply fear that were she granted the full custody she would inevitably alienate the child from the father.

"Such a result would indeed be a tragedy because I have an abiding conviction that unless a child has the sustaining influence of both a father and a mother, it is so handicapped that there is always grave danger that it will go wrong.

"I am fully aware of the undesirability, generally speaking, of divided custody, and I am fully aware of the general opinion of the courts that a girl of tender years usually can be better cared for by the mother, but in this case it is my opinion that divided custody, undesirable as it is, is a lesser hazard than that which would follow from the alienation of the child from her father.

"Therefore, after consideration of all of the evidence in the case and the surrounding circumstances, it is my opinion that custody of the child should be divided as nearly equally as possible."

The facts as brought to this court are brief and rather unsatisfactory, but a study of them reveals rather convincingly that the evidence does not preponderate against the trial court's findings, and nothing appears indicating that the trial court abused his discretion in either of the matters of which complaint is made. The question of custody is to be determined chiefly by what is for the child's welfare, and each case must be judged by its own facts. The allowance of costs likewise is discretionary in cases of this character.

Being satisfied that the trial court did not abuse his discretion, the judgment must stand affirmed.

STEINERT, GERAGHTY, MITCHELL, and MAIN, JJ., concur.