[No. 30726. Department One. February 25, 1949.]

SIGNE L. RAMSDEN, *Appellant*, v. WILLIAM E. RAMSDEN, *Respondent.*[1]

*Miracle & Treadwell* and *Howard P. Pruzan*, for appellant.

*Ray M. Wardall* (*Stanley C. Soderland*, of counsel), for respondent.

MALLERY, J.—This is an appeal from an order denying plaintiff's petition to modify the interlocutory order of divorce of July 15, 1946, as to the custody of the eight-year-old son of the parties. The interlocutory order granted the defendant the custody and control of the child from the time of its entry until the fifteenth of June, 1947, after which time the plaintiff was to have the care, custody, and control of the child for the following year, with the provision that

[1]Reported in 202 P. (2d) 920.

the care, custody, and control should alternate between the parties yearly thereafter. The interlocutory order adopted the terms of a separation agreement between the parties which the court found was arrived at without overreaching. The plaintiff appeals.

We quote from appellant's brief:

"The hearing from which this appeal is made was brought about by appellant's desire to *repudiate* that agreement and to modify the Interlocutory Decree." (Italics ours.)

Prior to the entry of the interlocutory order, the appellant had been suffering from a goiter which made her nervous. She had an operation in May, 1946, and recovered her good health several months thereafter. The final decree was entered January 16, 1947. She remarried on January 19, 1947. Her present husband, one William Chambers, is a civil service employee under the civil aeronautics authority and earns about thirty-four hundred dollars per year. He was stationed at Ephrata, where they lived shortly after the marriage, but has since removed to Snohomish, Washington, where they are buying a home.

Billy, the son, went to three schools while in the custody of his mother. Another child was born to appellant in December, 1947. After her marriage to Chambers, the parties hereto entered into another agreement modifying the amount of support money to be paid for Billy's support. She asserts that the respondent had four housekeepers during the time Billy was with his father, but she had no objection to any of them.

The respondent is assistant production manager at Boeing's, where he has worked for fifteen years and has a good permanent position at about nine thousand dollars per year. He owns a home in West Seattle, only a few blocks from a good school. The court found that the father is unusually attached to Billy, and that the present arrangement has worked out well and should not be modified.

The appellant takes the position that a child of tender years should be with the mother, and that now that she had a good home for him the child's best interests would be

served by giving permanent custody to the mother, thus avoiding the changes which she asserts are bad for the child.

The appellant has assigned as error the finding by the court: (1) that she is estopped by her former actions to ask for a change of a divorce decree; (2) the refusal to modify the decree; and (3) the finding that the decree as it now stands has worked out well and should not be modified.

As to the first assignment of error, it may be agreed that the doctrine of estoppel does not apply in such a case as the one at bar, since the parties can make no binding agreement between themselves, and the best interest of the child will be served by the court regardless of what the parties desire. Yet it may be here said in passing that few contracts are more solemn than those concerning the custody of a child. The appellant freely entered into an agreement which the parties asked the court to adopt. In this situation, there is an inherent representation to the court that the best interests of the child would be served thereby. The least that can be said about her present attitude is that she now represents to the court an opposite position and shows little disposition to be bound by her commitments.

A petition to modify a decree of divorce will not lie without a showing of material change in the condition of the parties. Remarriage is such a change so far as the jurisdictional aspects of the case are concerned. Still, it does not follow that such a change inevitably requires a modification of the decree or that, as a matter of law, the court must be held to have abused its discretion, in refusing to give exclusive custody of a school child to the mother.

The appellant, who remarried three days after the entry of the final decree of divorce, says that she was not planning that event at the time of the entry of the interlocutory order. We think, however, that it was not such an unnatural or improbable event that she can claim surprise or even that it was unforeseeable. The question of good faith of the parties is invoked by this situation. Is it an abuse of discretion for the court to believe the inherent representations of both parties that the welfare of a child

will be best served by the disposition of a child's custody as recommended by the parties and later adhere to that position, even in the face of an opposite position taken by a party based upon the happening of a foreseeable event? We think not.

A careful examination of the record and of the court's finding convinces us that the court acted in the manner he thought would best serve the welfare of the child, and we are convinced that the unnecessary reference with regard to an estoppel had no significance other than a proper disapproval of appellant's inclination to repudiate her own solemn commitments. We agree with the trial court that the father in this case is unusually attached to the child and financially, at least, is better prepared to care for the child.

The appellant refers to the child as one of tender years who under our decisions, she asserts, ought to be placed in the custody of the mother. We think there are some differences between a babe in arms and a school child. It appears that both parties are suitable persons to have custody of the child. Both are financially able to properly rear a child. The contentions of both parties with regard to the possible effects of moving the child and changes of custody fall in the realm of speculation. There may or may not be some merit to them. We believe the court exercised a sound discretion in this matter and are not inclined to overturn its findings upon imponderable considerations.

The judgment is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.