[No. 761-2.   Division Two.   November 28, 1972.]

DOROTHY G. RICKARD, *Appellant*, v. WESLEY M. RICKARD, *Respondent.*

*Robert H. Peterson* (of *Peterson & Haarmann*), for appellant.

*William F. Lenihan* (of *Lenihan, Ivers, Jensen & McAteer*), for respondent.

ARMSTRONG, J.—The sole issue in this appeal is whether the welfare of two children, aged 6 and 9, would be served by alternating their custody between their father and mother on an annual basis on January 1st of each year. The plaintiff wife contends that the trial court abused its discretion in making this custody determination. We agree.

The parties agreed upon a disposition of the property and $400 per month child support while the children were with

their mother. The court granted visitation rights to the noncustodial parent of 6 weeks' visitation in the summertime, every other weekend from Friday evening until Sunday evening, plus one afternoon and evening per week. The court held that both the father and mother are fit parents and that "both parents are quite competent to care for the children in all respects." Each parent had sought sole custody of the children with visitation rights accorded to the other.

A review of the record reveals that both parents have master's degrees. The father is a forest economist and earns approximately $30,000 per year. His work takes him out of town approximately 3 days each week. The mother is a talented musician; she teaches music at a university on a part-time basis, conducts private music lessons and plays the organ at various churches. She earns approximately $3,500 per year.

The record discloses that each parent has deep love and concern for the children and the children love and respect each of their parents. A strong hostility has developed between the father and mother. Each of them is characterized in the record as a highly intelligent and strong-willed person. They have markedly different points of view on rearing children. The trial court is obviously correct in concluding that either parent would be quite competent to care for the children in all respects. In awarding divided custody on an alternating basis the court observed, "My sincere hope is that this will afford the children and both of the parties a chance to know one another."

The parties have lived in Milton, Washington. When the parents have been employed, or away from home for other reasons, the children were cared for by a lady who conducts a licensed day-care nursery. In the past 5½ years she has become well acquainted with the children and the parents and is favorably impressed with them.

Both parents have engaged in family group activities with the children. The father accompanies the children in

many outdoor activities such as hiking, skiing, fishing and games. In detailing his proposed plans for the children if granted custody, he stated that he would engage a housekeeper. He suggested an aunt in her late sixties whom he has not seen in several years. He stated they would attend Edgemont school. The mother lives in the family home in Milton and the father lives on a farm in nearby Edgewood. The two homes are in different school districts. We are invited to speculate that they could continue to attend school in Milton while they live outside that school district. We decline to speculate.

To summarize the effect of the alternating custody we see that each January 1st the children would shift homes and methods of training, discipline and control. Each year they would be required to seek a new circle of friends or revive friendships of the prior year. Each year they would probably have to adjust to a different school curriculum. They would be assured of a loving and concerned parent with each change, but they would be deprived of a continuity of consistent parental counsel, direction and control.

The father's brief relies upon several Washington cases. Although it is necessary to decide each case upon its own facts, we will briefly differentiate between this case and the cited Washington authority. *Brock v. Brock,* 123 Wash. 450, 212 P. 550 (1923) is strongly relied upon for its reference to divided control of children. It is not in point because in that case the court approved a modified divorce decree awarding primary custody to the mother and giving the divorced father visitation rights on Saturday and Sunday every other week and a 2-weeks' visitation in the summer— clearly a reasonable award of custody. *Ramsden v. Ramsden,* 32 Wn.2d 603, 202 P.2d 920 (1949) is not in point because in the initial divorce action both parties represented to the court that the welfare of their child would be best served by alternating custody between the parents. The Supreme Court held in *Ramsden* that it was not an abuse of discretion to deny the mother custody in a petition

to modify the decree many years later when there was no change in circumstances other than her remarriage, which was a foreseeable event when she originally agreed to the alternating custody. *Pressey v. Pressey,* 184 Wash. 191, 50 P.2d 891 (1935) approved a divided custody award where the mother's dulled sensibilities convinced the trial court that the welfare of the child would be best served by granting the father joint control. In *Pressey* the trial court found that neither parent was fit to have the full custody and care of the child. In *Reynolds v. Reynolds,* 45 Wn.2d 394, 275 P.2d 421 (1954) the trial court found both parents to be fit and proper persons to have custody of the children. In that case the Supreme Court approved an award of primary custody to the mother, and the father was awarded custody for 2 months in the summer. Obviously none of these cases is controlling authority in the case before us.

The problems of divided custody are summarized in H. Clark, *Law of Domestic Relations* § 17.4(g) (1968) at 590:

Although authority can be found for the proposition that divided custody is generally to be avoided, it seems preferable to decide the question by reference to the consequences for the child in each case. The danger for the child is that shuttling between parents and divided control will cause him to feel insecure or confused. There is also the risk that each parent will use his own period of custody to destroy the child's affection for the other parent. On the other hand it is highly desirable for the child to know and have affection for both parents. And the natural desire of the parent to have more than momentary contact with his child must not be overlooked. Notwithstanding the conflicting arguments, it is common to give the mother general custody, but to provide that the father have the child on weekends and during school vacations.

(Footnotes omitted.)

■■ It is well established that in child custody proceedings the paramount and controlling consideration is the welfare of the children. The individual interests of the parents to the custody of their children are subsidiary to that consideration. In determining the welfare of children

the trial court's findings will be accepted as verities on appeal, unless there is no substantial evidence to support them. *In re Palmer*, 81 Wn.2d 604, 503 P.2d 464 (1972); *Munoz v. Munoz*, 79 Wn.2d 810, 489 P.2d 1133 (1971). In the instant case there was no specific finding that the alternating custody award was in the best interest of the children. We question whether the trial court's oral expression of its "sincere hope that this will afford the children and both of the parties a chance to know one another" is a sufficient clarification of the findings to assist us in reaching a conclusion that the award was made for the welfare of the children. Nor do we believe that there was substantial evidence to support alternating the custody of the children.

■ Courts in nearly all the states have stated that divided custody should be avoided if possible and it will not be approved except under very exceptional circumstances because it is generally considered to be not in the best interests of the children. 24 Am. Jur. 2d *Divorce & Separation* § 799 (1966); *Annot.*, 92 A.L.R.2d 695 (1963); *see Mason v. Mason*, 163 Wash. 539, 1 P.2d 885 (1931). Alternating custody is a form of divided custody which can have the most serious detrimental effects to the welfare of children, therefore it is rarely justified.

We find no very exceptional circumstances in this case to justify alternating custody of these children. We also find that alternating custody in the manner provided by the trial court's order is not a reasonable division of custody; would not be in the best interests of the minor children in this case; and the trial court abused its discretion for the following reasons:

1. The widely divergent viewpoint of the parents on child rearing would leave the children in a state of confusion. Despite the efforts of both parents, the annual move from home to home would probably result in the children's suffering from confusion and lack of any consistent parental counsel, direction and control.

2. The change in schools each year, whether it be in the

unusual mid-term manner provided in the court's decree or at the beginning of each school term, would result in a breakdown of normal friendships of the children, continued participation in school activities, and interference with their adaptation to a school curriculum.

3. The father must travel out of town at least 3 days a week. A housekeeper would not be an adequate substitute for the care of the children's mother. They are well-adjusted children and have become adapted to the day-care facility available to them when the mother is working.

4. The liberal visitation rights accorded the noncustodial parent should provide the divorced father an adequate opportunity to carry on the laudable outdoor activities he has engaged in with the children in the past. They would continue their close relationship with their father in as strong a degree as a divorce usually permits children to know the noncustodial parent. Visitation rights can be revised if the court finds the father should have more visitation rights in the summer, if the present weekly visitations are imperiling the necessary parental controls of the mother, or for any other reasonable cause.

■ Rarely is an appellate court justified in making a new determination of the custody of children. The trial judge has the distinct advantage of seeing and hearing witnesses and is in a better position to determine their credibility than the members of an appellate court. In this case, however, the trial judge has disqualified himself from further proceedings. Many witnesses have testified in this lengthy divorce trial. Competent counsel on each side have examined and cross-examined the witnesses in great detail. We believe that the record clearly substantiates our findings and that a retrial of this case before another judge would be destructive of the welfare of the children.

Plaintiff will be awarded the sum of $1,000 toward the attorney fees expended by her on this appeal. Any additional attorney fees will be assumed by the plaintiff.

The judgment is reversed and the custody of the children

awarded to the plaintiff, Dorothy G. Rickard, subject to the visitation rights accorded the noncustodial parent in the trial court's decree.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied January 2, 1973.

Review denied by Supreme Court February 22, 1973.