[No. 44266. En Banc. September 1, 1977.]

NORTHWEST TROLLERS ASSOCIATION, ET AL, *Respondents,*
v. DONALD MOOS, ET AL, *Appellants.*

*Slade Gorton, Attorney General,* and *James M. Johnson, Assistant,* for appellants.

*Charles E. Yates* and *Douglas M. Fryer* (of *Moriarty, Long, Mikkelborg & Broz*), for respondents.

UTTER, J.—The Department of Fisheries appeals a declaratory judgment of the Superior Court entered in favor of the respondent Northwest Trollers Association. The court concluded RCW 75.40.050[1] required uniformity in the offshore fisheries regulations of Washington, Oregon and California and that certain regulations promulgated by appellant were inconsistent with those of the other specified states and therefore void. It also enjoined the enforcement of the Department's regulations as long as they continued to be inconsistent with those of Oregon and California. We affirm the Superior Court.

The respondent trollers fish primarily in the open ocean for salmon, utilizing multiple fishing lines equipped with numerous hooks. The regulations challenged were enacted by the appellant in April 1976, as Emergency Order No. 76–21. These regulations prohibited, among other things, (1) commercial taking of offshore chinook salmon under 28 inches in length; (2) commercial offshore trolling from June 15 through June 30, 1976; and (3) use of barbed hooks in commercial offshore trolling.

---

[1] "In the event the compact set forth in RCW 75.40.030 becomes effective, the director shall have the power and he is hereby authorized from time to time to make, adopt, amend and promulgate, governing offshore fishing in the Pacific Ocean by citizens of this state, rules and regulations, prohibiting wastage of food or shellfish, establishing open and closed season for all fishing, designating areas open or closed to fishing, setting minimum and maximum sizes of fish and shellfish that may be taken, declaring the kinds of food or shellfish that may be used for bait, and regulating fishing gear to be used as to mesh, size and length of nets and number, length and size of line and hooks: *Provided,* That no rule or regulation shall be issued governing the conduct of citizens of this state unless like rules or regulations or statutes have been made or will become effective jointly as to the citizens of the states of Oregon and California." RCW 75.40.050.

The Department presented evidence establishing these regulations were necessary to promote and protect chinook and coho salmon runs and to permit a greater harvest in other areas by other fishermen. Respondent demonstrated, however, that Oregon and California regulations were inconsistent with those promulgated in Washington, in that the fishing regulations of those two states allowed the use of barbed hooks, provided a 26–inch minimum length and allowed open fishing from June 15 through June 30 in their offshore regulations. Although Oregon made an effort to adopt similar rules for the area off its coast north of Tillamook Head and California complied in part by prohibiting the sale of salmon caught off Washington during the June 15 through June 30 closure, in all other respects Oregon and California regulations were not consistent with order No. 76–21.

We are initially faced with a claim by respondent that this case is moot. The first ground urged is that the regulations cover only the 1976 season. The court's injunction, however, is not limited to the 1976 season insofar as it pertains to size limits and use of barbed hooks. The second ground urged for mootness is that there is now federal preemption of state regulation of the offshore fishery by virtue of the Fishery Conservation and Management Act of 1976, 16 U.S.C.A. § 1801, *et seq.,* effective March 1, 1977. This act establishes a 200–mile fishery conservation zone within which the United States will assume exclusive fisheries management authority. 16 U.S.C.A. §§ 1801(b), 1811. Under the act regional fisheries management councils will have the authority to recommend comprehensive plans and regulations for enactment by the Secretary of Commerce which include the types of regulations here at issue. 16 U.S.C.A. §§ 1853, 1854, 1855.

Regulations have now been adopted pursuant to these provisions, governing the offshore salmon fishery and covering the matters which are the subject of this lawsuit. 42 Fed. Reg. 21412 (April 26, 1977), 42 Fed. Reg. 26580 (May 24, 1977) (to be codified in 50 C.F.R. § 661 (1977)). In

addition, House Bill No. 376 (Laws of 1977, 1st Ex. Sess., ch. 100) was signed by the Governor on May 28, 1977. That bill struck the language of the earlier proviso contained in RCW 75.40.050 and added the following language:

> PROVIDED, HOWEVER, That the Washington department of fisheries may adopt regulations for the waters west of the coast of the state of Washington that are consistent with the regulations adopted by the United States department of commerce for the waters three miles to two hundred miles west of the coast of the state of Washington pursuant to the National Fisheries Conservation and Management Act.

That act, however, does not become effective until 90 days after the close of the most recent legislative session. Const. art. 2, § 41 (amendment 26).

The rule governing decision of moot cases is that this court will review a case, if otherwise moot, if matters of continuing and substantial public interest are involved. It is urged by the Department of Fisheries that this court should decide this case, even though concededly moot with regard to the offshore salmon fisheries, because the regulation of shellfish and bottom fish has not yet been specifically undertaken by the federal government and is not likely to be so regulated within the next few years. This would leave, given the effective date of House Bill No. 376, at least 3 months after the time of argument of this case during which the State's authority to regulate offshore shellfish and bottom fish is in question. The question before us is a public one, with a need for an authoritative determination for future guidance of public officers, because it is likely to recur with regard to shellfish and bottom fish if not resolved. These reasons meet the criteria for decision of moot cases established in *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975).

The trial court in its oral opinion recognized that Oregon and California have not adopted provisions consistent with order No. 76–21 except as we have previously indicated. The court noted:

Washington cannot regulate fishing beyond its three–mile limit by Oregon or California citizens. *Skiriotes v. Florida,* 313 U.S. 69. During the June 15–30 closure, fishermen from Oregon and California could fish beyond the Washington three–mile limit, but Washington fishermen could not. See *Skiriotes, supra.* During the open season, Washington fishermen are limited to 28–inch chinook and must use barbless hooks . . . Fishermen from other states could catch smaller chinooks and use barbed hooks.

The Washington fishermen are thus put in a very unfavorable position by their own Fisheries Department. This is the very mischief of discrimination the Legislature sought to avoid in enacting the statute.

Counsel advises that the proviso in RCW 75.40.050 was a part of the bill as originally introduced in the Legislature and was not added by amendment. The Department urges a strict construction of the proviso, but no matter what rule of construction is adopted, the proviso relates to, and qualifies regulations prohibiting wastage, establishing seasons, establishing minimum sizes, and regulating fishing gear.

We adopt the reasoning of the trial court and affirm its judgment. The Department is prohibited by the present language of RCW 75.40.050 from adopting regulations governing the offshore fishery which are inconsistent with those of the states of Oregon and California (concerning matters not preempted by federal regulation) until such time as the recent amendment to RCW 75.40.050 becomes effective. Thereafter, the Department shall be free to regulate the offshore fishery, in accordance with the general powers granted by the legislature, provided those rules

6

adopted be consistent with whatever regulations may be promulgated by the federal government.

WRIGHT, C.J., ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, and HICKS, JJ., and HENRY, J. Pro Tem., concur.