[No. 44589. En Banc. May 4, 1978.]

JOHN A. MARTIN, *Appellant*, v. THE MUNICIPALITY OF METROPOLITAN SEATTLE, *Respondent*.

*Bendich, Stobaugh & Strong, Stephen K. Strong,* and *Judith E. Bendich,* for appellant.

*Preston, Thorgrimson, Ellis, Holman & Fletcher,* by *Gordon G. Conger* and *Richard E. Monroe,* for respondent.

*Kent Hull, Brian J. Linn,* and *Kenneth A. MacDonald* on behalf of National Center for Law and the Handicapped and *Kenneth A. Cole* on behalf of Association of Washington Cities, amici curiae.

UTTER, J.—John A. Martin, appellant, and a quadriplegic resident of King County, brought an action based on RCW 49.60 against the Municipality of Metropolitan Seattle (Metro) seeking a permanent injunction against Metro's purchase of new buses without devices which would allow a wheelchair user to board. The trial court denied a motion for a temporary injunction and held appellant was not entitled to a permanent injunction. Finding the issues presented to the trial court to now be moot, and declining to consider new facts and claims for new relief on appeal, we affirm the action of the trial court.

To remedy problems inherent in an extremely old and unreliable fleet of buses, Metro announced in 1974 plans to procure a substantial number of new vehicles. After calling for bids on buses with a wheelchair access option and receiving none, Metro was faced with the option of not purchasing any standard–sized buses or obtaining ones without wheelchair accessibility. It chose the latter alternative.

Before purchase of those buses, appellant brought this action, seeking to permanently enjoin Metro from purchasing buses without wheelchair accessibility. The trial court, noting the lack of technical feasibility as shown by the inability of Metro to obtain any bids including wheelchair accessibility options, denied the injunction request and held that Metro had not discriminated against appellant under RCW 49.60.

Appellant began his appeal in late 1975. He took no further action, however, to prevent Metro from obtaining the buses without wheelchair accessibility in the interim. Further, appellant has been slow about prosecuting this appeal, having been subject to three motions for dismissal for failure to proceed in a timely manner. During this time, all the buses which were the subject of the injunction action have been purchased.

Appellant admits that the issues raised and decided at trial are now moot. Not only has the bus procurement at issue been completely accomplished, but federal legislation has, as appellant concedes, made further acquisition of buses without wheelchair accessibility options extremely unlikely. Much of the funding used by Metro to assist in purchase of buses is provided by the Urban Mass Transportation Act (49 U.S.C. § 1601 *et seq.*), administered by the Urban Mass Transportation Administration (UMTA). Under 49 U.S.C. § 1602, the UMTA is empowered to make grants to assist local transit authorities in capital acquisitions, including the purchase of new rolling stock. The grants may be for 80 percent of that part of project costs which cannot reasonably be financed from revenues. 49 U.S.C. § 1603. Current regulations require that local transit authorities make "satisfactory special efforts in planning public mass transportation facilities and services that can be utilized by elderly and handicapped persons . . ." (49 C.F.R. § 613.204(a) (1976)), and require that manufacturers offer a "wheelchair accessibility option" on all bids. 41 Fed. Reg. 45842 (October 18, 1976); 42 Fed. Reg. 9654 (February 16, 1977). Further, all UMTA–assisted procurements issued after September 30, 1979, must have wheelchair accessibility features. 42 Fed. Reg. 48339 (September 23, 1977).

Despite the conceded mootness of the issues decided by the trial court, appellant attempts to present to this court new evidence of technological advances and requests new relief—a remand for a "determination as to the appropriate

form of equitable relief." Apparently, upon remand appellant would seek an order requiring Metro to modify its currently–owned buses to accommodate wheelchair users, a remedy not sought in the original proceeding. ·

This court has consistently held that claims not presented at trial will not be considered upon appeal. *Boeing Co. v. State,* 89 Wn.2d 443, 572 P.2d 8 (1978). *International Tracers of America v. Hard,* 89 Wn.2d 140, 570 P.2d 131 (1977). More particularly, we have declined to pass on the rights of parties where relief asked for on appeal was not part of either the prayer for relief or the theory of the case presented to the trial court. *Stewart v. Johnston,* 30 Wn.2d 925, 195 P.2d 119 (1948). We also recently have stressed that "We are committed to the rule that, insofar as possible, there shall be one trial on the merits with all issues fully and fairly presented to the trial court at that time so the court may accurately rule on all issues involved and correct errors in time to avoid unnecessary retrials." *Haslund v. Seattle,* 86 Wn.2d 607, 614, 547 P.2d 1221 (1976). Appellant's request is not consistent with these cases.

The cases cited by appellant to justify the remand for further factfinding are inapposite because those cases did not involve circumstances similar to the instant case. These cases either were remanded *for trial* after dismissal on the pleadings or upon summary judgment, or involved changes in the law governing the case between trial and appeal. This case has already had a full trial, and RCW 49.60, the law governing this case, has remained unchanged.

This case is moot and does not meet our established criteria for review of moot questions. *Northwest Trollers Ass'n v. Moos,* 89 Wn.2d 1, 568 P.2d 793 (1977). The judg-

ment of the trial court is therefore affirmed.

WRIGHT, C.J., ROSELLINI, HAMILTON, STAFFORD, BRACH-TENBACH, DOLLIVER, and HICKS, JJ., and HENRY, J. Pro Tem., concur.