[No. 2853–2.   Division Two.   September 12, 1978.]

JOHN N. O'CONNOR, *Respondent*, v. WASHINGTON LAW
ENFORCEMENT OFFICERS' AND FIRE FIGHTERS'
RETIREMENT BOARD, *Defendant*, SEATTLE
FIRE FIGHTERS' PENSION BOARD,
*Appellant.*

Douglas N. Jewett, City Attorney, and Ross Radley, Assistant, for appellant.

A. Richard Dykstra, Thomas D. Frey, and Scholfield & Stafford, for respondent.

PETRIE, J.—The City of Seattle Fire Fighters' Pension Board filed an appeal from a judgment of the Superior Court for Thurston County reversing a decision of the Washington Law Enforcement Officers' and Fire Fighters' Retirement Board (LEOFF) which had affirmed a decision of the Seattle Fire Fighters' Pension Board canceling Mr. O'Connor's previously awarded disability retirement benefits. We dismiss the appeal.

In October 1973 Mr. O'Connor, a paramedic/combat fire fighter, was granted a disability retirement allowance pursuant to RCW 41.26.120 by the disability board of the City of Seattle (which in his case is the City of Seattle Fire Fighters' Pension Board created by RCW 41.16.020). See RCW 41.26.110. We will refer to it as simply the Local Board.

Subsequently, after a series of medical reexaminations, the Local Board canceled Mr. O'Connor's retirement benefits effective June 13, 1975. He appealed to the LEOFF Board which, after a de novo hearing, affirmed the Local

Board. However, the LEOFF Board decision and order contained a conclusion of law as follows:

2.

That the provisions of RCW 41.26.140 require that for a previously granted disability retirement to be cancelled, the beneficiary must be found to be able to perform the duties which he previously engaged in prior to the disability retirement being granted. That a previously granted disability retirement may not be cancelled on the basis that a beneficiary is able to perform some light duty but not his previous duties.

Mr. O'Connor sought judicial review of the LEOFF Board order in the Superior Court for Thurston County in accordance with RCW 41.26.220 and RCW 34.04.130(2). The Local Board, purporting to act as "respondent," filed a document in that court designated "Notice of Intent to Challenge a Conclusion of Law," the title of the document being designated "In Re John N. O'Connor, Petitioner, v. Washington Law Enforcement Officers' and Fire Fighters' Retirement Board, Respondent." By means of this document the Local Board sought affirmance of the LEOFF Board's ultimate decision but rejection of its conclusion of law No. 2. Clearly, the Local Board's filing constituted a "cross-petition" pursuant to RCW 34.04.130(2).[1]

Other than the foregoing, no formal steps were instituted attempting to make the Local Board a "party" to the court review, but its counsel was permitted, without challenge, to cross-examine witnesses and to present its position in oral argument before the court. The court reversed the decision of the LEOFF Board, ordered reinstatement of Mr. O'Connor's disability retirement allowance, but specifically denied the Local Board's challenge to the LEOFF Board's conclusion of law No. 2.

---

[1]RCW 34.04.130(2) provides in part: "If a timely petition is filed any *party of record* not filing or joining in the first petition who wants relief from the decision must join in the petition or serve and file a cross-petition within twenty days after service of the first petition or thirty days after service of the final decision of the agency, whichever period of time is longer." (Italics ours.)

Purporting to act as counsel for "respondent" (or at least one of the respondents) before the superior court, the corporation counsel of the City of Seattle filed a notice of appeal to this court, presumably under authority of RCW 34.04.140 as counsel for "an aggrieved *party*." The LEOFF Board, the named respondent before the superior court, has not appealed to this court. Indeed, the LEOFF Board specifically disclaims being a party to this appeal and has fully complied with the judgment entered by the Superior Court for Thurston County, including payment of all of Mr. O'Connor's accrued or back benefits, together with interest thereon as required by that judgment; and a satisfaction of judgment has been filed in that court.

In his brief, Mr. O'Connor asks that we dismiss this appeal but, nevertheless, invites us to reach the merits of the appeal because of what he describes as the continuing practice of the Local Board to seek termination of disability retirement allowances of former combat fire fighters who are described by reexamining physicians as physically fit for "light duties."

Mr. O'Connor's motion, in effect, raises several issues: (1) Is the appeal moot? (2) Did the trial court lack jurisdiction to hear and determine the specific issue which the Local Board raised? (3) Was the Local Board a party before the superior court?

Superficially, at least, it would appear that the judgment of the superior court has been fully complied with; and this appeal, therefore, would appear to be moot. Notwithstanding this apparent mootness, we would be inclined to consider favorably Mr. O'Connor's invitation to reach the merits of this appeal if the issue is squarely before us. *See Bresolin v. Morris*, 88 Wn.2d 167, 558 P.2d 1350 (1977); *Northwest Trollers Ass'n v. Moos*, 89 Wn.2d 1, 568 P.2d 793 (1977).

The jurisdiction of the Superior Court for Thurston County was invoked by Mr. O'Connor's petition to review the decision and order of the LEOFF Board. Even without a cross–petition, that court conceivably could have, but did

not, affirm the LEOFF Board's order by agreeing with the position taken by the Local Board in its notice of intent to challenge a conclusion of law. Accordingly, the cross–petition was not necessary to invoke the court's jurisdiction to hear and determine the issue purportedly raised therein. Nevertheless, having decided to reverse the LEOFF Board's ultimate decision, the trial court's additional determination—to affirm conclusion of law No. 2—was purely surplusage unless that specific issue was properly raised by a valid cross–petition.

The issue of whether the Local Board was a "party" before the superior court—and thus entitled to file the cross–petition in superior court and to appeal to this court under RCW 34.04.140 and RAP 3.1 as an "aggrieved party"—is somewhat more difficult to resolve.

Prior to creation in 1976 of the Department of Retirement Systems by RCW 41.50,[2] the administration of the LEOFF Retirement System was vested in the LEOFF Board. RCW 41.26.020. Nevertheless, Local Boards as created or retained by RCW 41.26.110 were granted specified duties under RCW 41.26.120 *et seq.* related to the administration of disability and sickness benefits. Although some actions by local Boards were automatically and "forthwith" reviewable by the LEOFF Board, RCW 41.26.120(3), other Local Board action was appealable as a matter of right by a person feeling aggrieved by an order or determination of a Local Board. RCW 41.26.200.

Mr. O'Connor filed such an appeal following the Local Board's 1975 order canceling his disability retirement allowance. RCW 41.26.200 requires that a copy of the notice of appeal be served upon the Local Board, and subsequently that board certifies its record to the LEOFF Board for review. Thereafter, a person aggrieved by the initial decision of the LEOFF Board founded upon the Local Board's record must, before seeking judicial review,

---

[2]RCW 41.50.030, effective March 19, 1976, transferred powers, duties, and functions of the LEOFF Board to the Department of Retirement Systems.

seek a de novo hearing before the LEOFF Board or its representative. RCW 41.26.210. At that hearing, the LEOFF Board is entitled to appear and introduce testimony in support of its initial decision. RCW 41.26.220. No other statutory designation of parties is provided for. However, WAC 297–35–050, promulgated by the LEOFF Board pursuant to RCW 41.26.060(5), provides in part:

> The parties to an appeal shall be the appealing party, the retirement board, the *employer,* and all persons who have otherwise filed a notice of appearance and made a proper showing of interest in the appeal.

(Italics ours.)

Practice before the LEOFF Board, therefore, does not contemplate that a Local Board is a "party" to an appeal; rather, the employer or former employer is a party to those proceedings. Indeed, the employer, who has either a direct or indirect financial interest in the proceedings should, as a matter of due process, be entitled to present its contentions at any proceedings before the LEOFF Board.

In the case at bench, the real party in interest (in addition to the LEOFF Board) is the City of Seattle, Mr. O'Connor's former employer and the governmental entity which will be adversely affected in the event the cancelation order is not sustained, not the subordinate forum which was charged with originating the cancelation order. *Augustine v. Board of Police Pension Fund Comm'rs,* 44 Wn.2d 732, 270 P.2d 475 (1954).

Although the corporation counsel of the City of Seattle (now the city attorney) has been counsel of record throughout these proceedings at all levels of the appeal, it is apparent that that office has been purporting to represent (and ostensibly, therefore, has been receiving direction from) the Local Board and not the appropriate municipal authorities of the real party in interest. Conceivably, we could now substitute the City of Seattle as the real party in

interest pursuant to RAP 3.2 and CR 19(a).[3] Under the present state of the record, however, we deem it inappropriate to pursue such a tortuously circuitous route in order to reach the merits of the appeal. We conclude simply that the Local Board is not a "party" to these proceedings and it had no authority to appeal to this court. Accordingly, this appeal is dismissed.

REED, A.C.J., and CALLOW, J., concur.

Reconsideration denied November 13, 1978.

Review denied by Supreme Court March 2, 1979.

[3]In any event, substitution of the employer as the real party in interest may not always be readily accomplished. RCW 41.26.110 directs that cities of the first class only shall retain firemen's pension boards previously created by RCW 41.16-.020 and comparable police boards previously created by RCW 41.20.010. In all other cases, a *county* disability board is established as the local disability board.