[No. 6968-7-II.   Division Two.   March 5, 1985.]

RONALD S. RAUCH, ET AL, *Respondents,* v. DION FISHER, ET AL, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Kathy L. Nolan, Assistant,* for appellants.

*David W. Murdach,* for respondents.

REED, J.—The Director and Acting Director for the State Department of Retirement Systems appeal the Superior Court's reversal of their agency's denial of retirement benefits to Ronald Rauch. We reverse the Superior Court and affirm the Department's decision.

Ronald Rauch, a Pierce County Deputy Sheriff and member of the Washington Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF), suffered a heart attack in 1976. As a result Rauch developed "cardiophobia"—a profound fear of another heart attack that can cause chest pain, fatigue, acute anxiety and rapid heartbeat when the patient is under stress. Although Rauch often left work early and consistently took 2 or 3 days' sick leave every month because of chest pain, this was not caused by

his physical condition.[1] Nevertheless, Rauch, always a conscientious officer, often worked despite his pain and anxiety when he believed a project had to be completed.

Rauch's work as a juvenile officer was rated "above average" after his heart attack, but in 1979, because of his absenteeism, personality changes, and complaints of pain, he was transferred to the less stressful duties of crime prevention officer. However, Rauch's new job did not relieve him entirely of stress; the position required, among other things, public speaking, budget negotiations and the ability to respond to emergency calls.[2] Although his absenteeism continued, Rauch again received praise for his performance. On September 22, 1981, after consulting with his doctor, Rauch applied for disability retirement. While on temporary leave, Rauch experienced angina–type pain and rapid heartbeat. He was hospitalized for 3 days for observation.

On March 22, 1982, the local Pierce County Disability Board granted Rauch's application for retirement. On April 19 the Director overruled the Board and denied the request. At a review hearing before an administrative law judge (ALJ), Rauch's doctors and supervisors were allowed to testify in favor of the grant of benefits but the local disability board was barred from participating. Because Rauch's "genuine physical discomfort" had not caused a "deterioration of his efficiency . . . to a level below average," the ALJ recommended denial of retirement status. This determination was adopted by the Director, but later reversed by the Superior Court. Although Rauch urges several grounds for upholding the Superior Court's decision, we find that none justifies reversal of the agency's

---

[1]Rauch exhibits no signs of further heart disease or damage occurring since 1976; all heart symptoms are attributable to his phobia. Electrocardiograms taken after a treadmill test show no significant physiological changes. His blood pressure and pulse are within normal limits; even after exercise he is capable of physical activity such as cutting wood.

[2]Rauch usually responded as a "back–up" officer to major crime calls, although on one occasion he responded to an armed robbery, as first officer on the scene—apparently without incident.

decision.[3]

█ Rauch first alleges that the Directors lack standing to appeal from the superior court decision because the administrative procedure act (APA)[4] allows only a "person aggrieved" by a final decision to seek judicial review, RCW 34.04.130(1), and an administrative agency is not a "person aggrieved." *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 373–77, 561 P.2d 195 (1977). Although it is true that an agency does not have standing to appeal *another agency's* final decision, *State Liquor Control Bd. v. State Personnel Bd., supra,* the APA does allow an "aggrieved party" to secure review of a *superior court* decision. RCW 34.04.140. Similar language in the appellate rules has been found to authorize an agency's appeal, RAP 3.1; *In re Foy*, 10 Wn.2d 317, 321–26, 116 P.2d 545 (1941); *see O'Connor v. State Law Enforcement Officers' & Fire Fighters' Retirement Bd.*, 21 Wn. App. 296, 301, 584 P.2d 492 (1978), *review denied,* 91 Wn.2d 1019 (1979). We see no basis for drawing a distinction between this rule and the APA review provision.

██ Rauch next claims that the ALJ erred both in denying standing to local board members to participate in the administrative hearing, and in applying an administrative standard for disability that conflicts with the purpose and language of the LEOFF statute.[5] However, we need not decide either of these questions. Rauch has neither

---

[3]Our review of an administrative decision is upon the record of the administrative hearing and not that of the superior court. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 323–24, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106, 74 L. Ed. 2d 954, 103 S. Ct. 730 (1983); *Durham v. Department of Empl. Sec.,* 31 Wn. App. 675, 676, 644 P.2d 154 (1982).

[4]RCW 41.26.220 provides that judicial review of an administrative decision under the LEOFF system is governed by the APA.

[5]Retirement under the LEOFF statutory language requires the existence of a disability rendering the claimant "unable to continue his service," RCW 41.26.120. The Department of Retirement Systems, however, requires proof that the claimant "is unable to discharge with *average efficiency* the duty of the position held . . ." (Italics ours.) WAC 415–105–060(2).

asserted nor attempted to prove that his "substantial rights" were prejudiced by the ALJ's refusal to allow an appearance by the board members. RCW 34.04.130(6); *cf. Mentor v. Kitsap Cy.*, 22 Wn. App. 285, 288, 588 P.2d 1226 (1978). Additionally, at the administrative hearing, Rauch apparently failed to object to the regulation and thereby waived that issue also.[6] *Kitsap Cy. v. Department of Natural Resources*, 99 Wn.2d 386, 393, 662 P.2d 381 (1983); *Griffin v. Department of Social & Health Servs.*, 91 Wn.2d 616, 631, 590 P.2d 816 (1979).

Rauch finally asserts that it was error to conclude he could perform the responsibilities of a deputy sheriff with "average efficiency" because his absenteeism and early cessation of work prevented him from meeting *all* his statutory duties.[7] However, neither law nor fact supports this assignment of error. The one authority that has found disability because the claimant could not perform *all* of his statutory duties, *Boyles v. State Law Enforcement Officers' & Fire Fighters' Retirement Bd.*, 32 Wn. App. 703, 649 P.2d 646 (1982), was reversed during the pendency of this appeal. *Boyles v. State Law Enforcement Officers' & Fire*

---

[6]In fact, Rauch's own medical evidence, which was couched in terms of whether he could perform his duties with "average efficiency," evidences his acceptance of the WAC standard.

[7]RCW 36.28.010 provides that a deputy sheriff:

"(1) Shall arrest and commit to prison all persons who break the peace, or attempt to break it, and all persons guilty of public offenses;

"(2) Shall defend the county against those who, by riot or otherwise, endanger the public peace or safety;

"(3) Shall execute the process and orders of the courts of justice or judicial officers, when delivered for that purpose, according to law;

"(4) Shall execute all warrants delivered for that purpose by other public officers, according to the provisions of particular statutes;

"(5) Shall attend the sessions of the courts of record held within the county, and obey their lawful orders or directions;

"(6) Shall keep and preserve the peace in their respective counties, and quiet and suppress all affrays, riots, unlawful assemblies and insurrections, for which purpose, and for the service of process in civil or criminal cases, and in apprehending or securing any person for felony or breach of the peace, they may call to their aid such persons, or power of their county as they may deem necessary."

*Fighters' Retirement Bd.,* 100 Wn.2d 313, 669 P.2d 465
(1983). Although reversal was based on another ground, our
Supreme Court labeled as "troublesome" this court's analy-
sis of the standard for determining disability. *Boyles v.
State Law Enforcement Officers' & Fire Fighters' Retire-
ment Bd.,* 100 Wn.2d at 318 n.3. Indeed, our Supreme
Court long ago held that a policeman was not disabled
where, although he could not perform "full police duty or
every conceivable duty," he was able "to discharge, with
average efficiency, the duties of the grade to which he
belongs . . ." *Clark v. Board of Police Pension Fund
Comm'rs,* 189 Wash. 555, 557, 66 P.2d 307 (1937); *accord,
Keever v. Law Enforcement Officers' & Fire Fighters'
Retirement Bd.,* 34 Wn. App. 873, 877, 664 P.2d 1256
(1983). *See also Malland v. Department of Retirement
Sys.,* 103 Wn.2d 484, 500, 694 P.2d 16 (1985) (Dimmick, J.,
dissenting).

Although the statute being considered in *Clark,* Rem.
Rev. Stat. § 9583 (Pierce's Code § 1204) was worded differ-
ently from RCW 41.26.120, we perceive no difference in
substance or purport, and thus no reason not to apply the
*Clark* rule as it has found its way into WAC 415–105–
060(2). Hence, benefits clearly are not justified where a
claimant adequately is performing those specific duties
required by the position actually held by him.

▮▮ Here the ALJ found that Rauch performed the
responsibilities of a crime prevention officer "with average
or above average efficiency in spite of his affliction." Such a
conclusion is a "finding of fact" because it constitutes "an
administrative conclusion that raw facts . . . fall under a
statutory term as to whose meaning, at least in the particu-
lar case, there is little dispute". *Leschi Imp. Coun. v. State
Hwy. Comm'n,* 84 Wn.2d 271, 283, 525 P.2d 774 (1974);
*Arima v. Department of Empl. Sec.,* 29 Wn. App. 344,
628 P.2d 500, *review denied,* 96 Wn.2d 1003 (1981). By
adopting the performance with "average efficiency" stand-
ard, *Clark* removed any dispute as to the meaning of "dis-
ability" as used in RCW 41.26.120. WAC 415–105–060(2)

merely tracks the *Clark* decision. We must accept an administrative finding of fact unless the record shows it was "clearly erroneous," *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 324, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106, 74 L. Ed. 2d 954, 103 S. Ct. 730 (1983). On this record we are not left with the definite and firm conviction that a mistake was made. On the contrary, in our opinion the Department's decision was eminently correct. Rauch properly was denied retirement status.

The decision of the Superior Court is reversed and that of the Directors is affirmed.

WORSWICK, C.J., and PETRICH, J., concur.

Reconsideration denied April 12, 1985.