[Nos. 6974-5-III; 7507-9-III.   Division Three.   February 26, 1987.]

THE CITY OF PASCO, *Appellant,* v. C. ART NAPIER, ET AL, *Respondents.*

C. ART NAPIER, *Respondent,* v. THE CITY OF PASCO, *Appellant.*

*Greg A. Rubstello, City Attorney,* for appellant.

*Diehl R. Rettig, James E. Hurson,* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for respondent Napier.

*C. J. Rabideau, Prosecuting Attorney,* for respondent Franklin County Disability Board.

GREEN, J.—The City of Pasco appeals from a declaratory judgment awarding one of its fire fighters, Mr. Napier, disability pay and an order awarding Mr. Napier accrued sick

leave pending this appeal. The dispositive issue is whether the City of Pasco exhausted its administrative remedies prior to bringing the declaratory action.

The facts are summarized as follows. Mr. Napier was employed by the City of Pasco as a fire fighter and is a member of the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF). On October 27, 1983, he applied to the Franklin County Disability Board for disability retirement based upon a recurring illness. The Board placed Mr. Napier on disability leave for 6 months pursuant to statute. Near the conclusion of the 6–month period, the Board reevaluated his condition and approved his application. This decision was sent to the director of LEOFF for final approval. The director found there was insufficient medical evidence to support the Board's decision and ordered the Board to reverse its decision. The Board met May 1, 1984, and ordered that Mr. Napier return to work.

For the next 30 days, Mr. Napier worked eight shifts and on June 5 again applied for disability retirement. At the Board's June 5 meeting, it approved the application and immediately placed him on disability retirement. However, the Board waited to send this decision to the director for approval until Mr. Napier could gather more medical evidence to support it. In the meantime, at a July 10 Board meeting, it was brought to their attention that Mr. Napier was not receiving disability pay from the City. The Board then decided to ask the City to place Mr. Napier on disability leave. In its subsequent letter to the City, the Board stated it had granted Mr. Napier "disability leave", not retirement, and thus the City should give him disability pay. The City refused on the basis it should not have to pay him twice for the same illness. On July 31 the City filed this action for declaratory relief. Mr. Napier answered and counterclaimed requesting the court to issue a writ of mandamus to compel the City to pay the disability compensation owed him.

Upon receiving additional medical evidence from Mr.

Napier, the Board, on August 28, transmitted its earlier decision granting disability retirement to the director for approval. The decision was returned to the Board to correct certain procedural irregularities. The corrected decision was sent to the director but was returned a second time because the decision did not state whether Mr. Napier had waived his right to disability leave; without such waiver, granting immediate retirement was in excess of the Board's authority. Mr. Napier then refused to waive his right to disability leave and the Board thereupon ordered Mr. Napier be granted disability leave effective June 6, instead of retirement. The City did not appeal this order. When the 6–month period expired, December 6, 1984, Mr. Napier was granted disability retirement.

In January 1985 the City and Mr. Napier moved for summary judgment in the declaratory action and on Mr. Napier's counterclaim; the Board moved to dismiss for lack of jurisdiction. The City's and the Board's motions were denied and the court granted Mr. Napier's counterclaim awarding him disability pay and attorney fees for the period June 6 through December 6, 1984. Accordingly, the court granted Mr. Napier a writ of mandamus directing the City to pay the amount owed. Since the City's appeal stayed enforcement of this judgment, he brought a second action in which he sought and was awarded accrued sick leave pending the outcome of that appeal. This award was also appealed.

The Board contends the City failed to exhaust its administrative remedies prior to commencing its declaratory action and therefore the court did not have subject matter jurisdiction. We agree.

The statutes and corresponding administrative rules provide several levels of review and are exhaustive in nature. RCW 41.26.200 governs the right to appeal a disability board decision:

> Any person feeling aggrieved by *any order* or determination of a disability board denying disability leave or disability retirement, or canceling a previously granted

disability retirement allowance, shall have the right to appeal the order or determination to the director. The director shall have no jurisdiction to entertain the appeal unless a notice of appeal is filed with the director within thirty days following the rendition of the order by the applicable disability board. . . . Upon review of the record, the director may affirm the order of the disability board or may remand the case for such further proceedings as he or she may direct, in accordance with such rules of procedure as the director shall promulgate.

(Italics ours.) *Boyles v. Washington Law Enforcement Officers' & Fire Fighters' Retirement Bd.,* 100 Wn.2d 313, 669 P.2d 465 (1983). In keeping with this statute, WAC 415–104–310 provides: "Any person aggrieved by an order of the local disability board must submit a notice of appeal, as set forth in WAC 415–08–020, within thirty days in accordance with RCW 41.26.200." *See also* WAC 415–104–270.

Additionally, if the party does not agree with the director's decision, the party may request a de novo hearing where the party, disability board and Department are entitled to appear and introduce testimony pursuant to RCW 41.26.220. This statute requires that "[j]udicial review of any final decision by the director *shall be* governed by the provisions of chapter 34.04 RCW . . ." (Italics ours.) *Rauch v. Fisher,* 39 Wn. App. 910, 696 P.2d 623 (1985). Prior to petitioning for review, the party *must* notify the director. RCW 41.26.210; WAC 415–08–020. The City did not exhaust these procedures; instead it chose to immediately file the declaratory action in superior court.

There was a second administrative alternative, although not mandatory, available to the City. WAC 415–08–470 provides "any interested person may petition the board or director for a declaratory ruling" which may in turn be appealed to Thurston County Superior Court. This remedy is codified in RCW 34.04.080. The City did not elect to follow this remedy.

A party has no standing to maintain an action in court until all administrative remedies have been

exhausted. *State v. Tacoma–Pierce Cy. Multiple Listing Serv.,* 95 Wn.2d 280, 622 P.2d 1190 (1980). RCW 34.04.130 permits judicial review of only final decisions of an agency. An administrative decision is final when it is determinative of the action or proceeding and fixes the legal relationship of the parties. An appeal from an administrative decision invokes appellate, not original jurisdiction, *MacVeigh v. Division of Unemployment Comp.,* 19 Wn.2d 383, 142 P.2d 900 (1943), and all essential jurisdictional facts imposed by statutory procedure for such appeals must be met. *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944); *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 667 P.2d 1133, *review denied,* 100 Wn.2d 1030 (1983). A total and inarguable absence of jurisdiction cannot be adequately remedied by appeal. *Barnes v. Thomas,* 96 Wn.2d 316, 635 P.2d 135 (1981).

Here, the City was required to appeal the Board's decision granting Mr. Napier disability leave effective June 6, 1984, to the director. Instead, the City elected to file its declaratory action before this order became final. Its failure to exhaust its administrative appeal deprived the reviewing superior court of jurisdiction. Furthermore, since the City of Pasco has allowed the time period for administrative relief to expire, the Board's order as to disability leave and retirement must stand. Having found the City is precluded from seeking review of the Board's decision, we conclude the court properly awarded Mr. Napier summary judgment based upon his counterclaim and request for a writ of mandamus. RCW 7.16.150 *et seq.*

The next issue raised is whether Mr. Napier is entitled to an award of sick leave pending the outcome of the first appeal. Mr. Napier contends and the court agreed that he was entitled to use his accrued sick leave during the disability period from June 6 to December 6, 1984. The court awarded Mr. Napier his accrued sick leave with the proviso that the sick leave benefits would be credited against any disability pay he might eventually receive for the disability period. We affirm.

First the City contends the court erred in finding Mr. Napier disabled from June 5 to December 6, 1984, wherein he accrued 603 hours of sick leave. More specifically, the City argues the court erred in admitting exhibits containing hearsay to prove he was ill during that period of time. We disagree. As already discussed, having failed to challenge the Board's order granting disability leave, the City cannot now challenge the underlying basis for that order. The rules of collateral estoppel and res judicata preclude such an attack. *State v. Dupard*, 93 Wn.2d 268, 609 P.2d 961 (1980). Nevertheless, a review of the record reveals if there was error, it was harmless. Mr. and Mrs. Napier's testimony and his physician's report which were admitted without objection were sufficient to independently establish that he was ill during the disability period. *Feldmiller v. Olson*, 75 Wn.2d 322, 325, 450 P.2d 816 (1969). Thus, there is no error.

Next, the City contends Mr. Napier, having already received a judgment in the prior case which included 25 percent of his accumulated sick leave, cannot relitigate this issue. We find no error.

▉ Collateral estoppel prevents relitigation of an issue or fact that has already been determined and is binding on the parties. *State v. Dupard, supra.* It does not preclude relitigation of issues which might have been litigated and were not. 2 L. Orland, Wash. Prac. § 368 (3d ed. 1972). The summary judgment order granting Mr. Napier disability pay in the first action states Mr. Napier had not timely raised the issue of sick leave and thus the court refused to rule on it. It is also clear from the record that his right to use his accrued sick leave pursuant to the collective bargaining agreement was not raised or adjudicated in that action. Therefore, Mr. Napier was not precluded from bringing a second action to determine this issue.

The issue before the court then is whether Mr. Napier is entitled to receive his accrued sick leave pending the outcome of the first appeal. The City contends the collective bargaining agreement sick leave provisions and the disabil-

ity retirement provisions are mutually exclusive. The City argues because retirement benefits are available to Mr. Napier, he is not entitled to receive his accrued sick leave. We disagree.

The collective bargaining agreement provides in pertinent part:

> Upon separation from the Department, 25 percent of all unused sick leave shall be paid at the prevailing hourly rate.
>
> The firefighters will have the protection of either the provisions of sick leave in this Article of the contract, or the disability provisions of LEOFF I. *If the leave is of a long–term duration and if the LEOFF I provisions are reasonably available, applications must be made to the LEOFF I system. In such situations where benefits are not available under the LEOFF I system, sick leave provisions of this Article may be utilized.*

(Italics ours.)

The City contends Mr. Napier was "separated" from the department on June 6 when he went on disability leave and therefore is entitled only to 25 percent of all unused sick leave. That already having been awarded him, he is not entitled to further sick leave benefits. The City relies on *Longview v. Public Employees' Retirement Bd.,* 97 Wn.2d 521, 646 P.2d 768 (1982), where the court held that disability leave commences after discontinuance of service and prior to that time the employee is entitled to receive all accrued sick leave. *Longview* is not applicable to the issue before us. Separation is not synonymous with discontinuance of service. While on disability leave a member receives an allowance equal to his full month's salary and receives "all other benefits provided to active employees". RCW 41.26.125. This includes sick leave. Retirement pay is based upon the member's "final average salary" at the time of disability retirement which includes, in addition to active service, periods of "disability leave". RCW 41.26.030(12) and (14). Retirement, or separation as the City refers to it, is not effective until after the member's 6–months' disability leave has expired. Here, Mr. Napier was not separated

until December 6, 1984, and therefore was accruing sick leave until that time.

■ Whether Mr. Napier is entitled to use the sick leave accrued during his disability leave period revolves around whether the LEOFF benefits were "not available." The court in *Longview* provides some guidance where it states at page 526:

> The intent of the Legislature in RCW 41.26.120 appears to be that a member of the LEOFF retirement system is entitled to disability leave at full salary for 6 months immediately before beginning disability retirement. Nowhere in the statute is there any suggestion of an intent to interfere with rights to sick leave that a member might have by virtue of a contract with his employer. We would be reluctant to find that such contractual rights were impaired by implication.

Although the issue before the *Longview* court was somewhat different, the same reasoning is applicable here. Available is not synonymous, as the City contends, with legal entitlement. Available is not a legal term, but means "capable of use for the accomplishment of a purpose: immediately utilizable . . . accessible . . ." *Webster's Third New International Dictionary* 150 (1969). Where here the LEOFF funds are not accessible, Mr. Napier should be entitled to use his sick leave benefits. Moreover, he will not receive a double award as the sick leave benefits will be credited toward the disability leave benefits which he is entitled to receive. The City neither wants to grant sick leave on the one hand nor disability leave on the other and yet Mr. Napier is clearly entitled to one or the other. The maxim that he who seeks equity must do equity may be applied in every kind of litigation and to every species of remedy. *Malo v. Anderson*, 62 Wn.2d 813, 384 P.2d 867 (1963). The City argues it would be unfair to make it the "fall guy" and yet it is unwilling to provide Mr. Napier any temporary relief pending the outcome of the case. Mr. Napier should not be left dangling financially because the Board and City are at odds. Either the contract benefits or retirement benefits should be made "available" to a mem-

ber who is placed in this situation. We conclude the court did not err in awarding Mr. Napier his accrued sick leave benefits pending the outcome of this appeal.

The remaining issue raised by Mr. Napier is whether he is entitled to attorney fees at both court levels pursuant to RCW 49.48.030 which provides:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: *Provided, however,* That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

Based on this statute, we find Mr. Napier is entitled to reasonable attorney fees at both the trial and appellate level in causes 6974–5–III and 7507–9–III. *Schoonover v. Carpet World, Inc.,* 91 Wn.2d 173, 588 P.2d 729 (1978).

Affirmed and remanded for a determination of the amount of attorney fees to be awarded.

THOMPSON, A.C.J., and MUNSON, J., concur.

Review granted by Supreme Court June 2, 1987.