[No. 8584–1–I.   Division One.   September 26, 1980.]

*In the Matter of the Marriage of* MARY PATRICIA
HERMSEN, *Appellant, and* THOMAS J.
HERMSEN, *Respondent.*

*Schweppe, Doolittle, Krug, Tausend & Beezer* and *Robert Beezer,* for appellant.

*Evan E. Inslee,* for respondent.

RINGOLD, J.—Mary Hermsen seeks review of an order in which the trial court terminated her marriage to Thomas Hermsen but retained the jurisdiction to subsequently decide other matters such as child custody and the distribution of property. The order was entered after Thomas Hermsen moved for partial summary judgment on the issue of marriage dissolution and Mary Hermsen did not deny that the marriage was irretrievably broken. RCW 26.09.030; CR 56(a). The trial court directed the entry of a final decree of dissolution after finding no just reason to delay termination of the marriage until the other factual and legal matters were decided. *See* CR 54(b); RAP 2.2(c).

Mary Hermsen contends the trial court had no authority to dissolve the marriage without also resolving other factual and legal matters. She contends that RCW 26.09.050 requires the resolution of all issues in one decree. She also argues that a judgment limited to the issue of marriage dissolution violates CR 54(b). For the reasons stated herein, we conclude the trial court did not err.

BIFURCATION OF PROCEEDINGS—RCW 26.09

RCW 26.09.030 provides:

When a party who is a resident of this state or who is a member of the armed forces and is stationed in this state, petitions for a dissolution of marriage, and alleges that the marriage is irretrievably broken and when ninety days have elapsed since the petition was filed and from the date when service of summons was made upon the respondent or the first publication of summons was made, the court shall proceed as follows:

(1) If the other party joins in the petition or does not deny that the marriage is irretrievably broken, the court shall enter a decree of dissolution.

RCW 26.09.050 provides:

In entering a decree of dissolution of marriage, . . . the court shall consider, approve, or make provision for child custody and visitation, the support of any child of the marriage entitled to support, the maintenance of either spouse, and the disposition of property and liabilities of the parties.

RCW 26.09.080 provides:

In a proceeding for dissolution of the marriage . . . the court shall . . . make such disposition of the property and the liabilities of the parties . . . as shall appear just and equitable . . .

Mary Hermsen contends that RCW 26.09.050, when read with other sections of the chapter, reveals a legislative intent that all issues be resolved in one decree of dissolution. Her position is supported by Professor Rieke's interpretation of RCW 26.09.050 in *The Dissolution Act of 1973: From Status to Contract?*, 49 Wash. L. Rev. 375, 399 n.101 (1974), wherein he makes the observation that:

The status determination and ancillary relief, except in the exceptional situations discussed below, are to be ordered at the same time.

The words "consider, approve, or make" reflect the fact that maintenance may not always be appropriate but may be "considered"; that a separation contract may be "approved"; and that disposition of property and obligations shall, when jurisdiction to do so exists, be "made".

This view is in accord with prior case law. *See Shaffer v. Shaffer,* 43 Wn.2d 629, 262 P.2d 763 (1953); *Ambrose v. Moore,* 46 Wash. 463, 90 P. 588 (1907).

There have been significant changes in the applicable statutes since the decisions in *Shaffer* and *Ambrose.* A major policy shift occurred in the 1973 dissolution act's provision for dissolution without fault. RCW 26.09.030 gave residents of the state the right to a dissolution decree 90 days after the petition is filed and summons served if the parties file jointly or there is no denial that the marriage is irretrievably broken. Even if one party denies that the marriage is irretrievably broken, RCW 26.09.030(3)(b) allows no more than 60 days additional delay for counseling. Prior law forced the parties to remain in an unworkable marriage for significantly longer periods of time. Former RCW 26.08.020 and .040 allowed, but did not require, the trial court to grant a divorce without regard to fault 90 days after filing and service only if the parties had been separated for at least 2 years.[1] Laws of 1965, 1st Ex. Sess., ch. 15, § 1, p. 1699 (repealed 1973) (2 years); Laws of 1949, ch. 215, §§ 2, 4, p. 698–99 (amended 1965) (5 years); *see also* Laws of 1921, ch. 109, § 1, p. 331 (repealed 1949) (5 years); Laws of 1917, ch. 106, § 1, p. 353 (amended 1921) (8 years).

RCW 26.09.030 eliminates the trial court's discretion to deny a divorce. It also requires dissolution without regard to fault or a period of separation. The State no longer has an interest in preserving unworkable marriages; it now has an interest in their prompt termination. In *Hull v. Superior Court,* 54 Cal. 2d 139, 147–48, 352 P.2d 161, 5 Cal. Rptr. 1, (1960), the California Supreme Court commented that:

> Severance of a personal relationship which the law has found to be unworkable and, as a result, injurious to the public welfare is not dependent upon final settlement of property disputes. Society will be little concerned if the parties engage in property litigation of however long

---

[1]Between 1921 and 1949, an additional 6–month waiting period was required between the interlocutory order of divorce and final judgment. Laws of 1921, ch. 109, § 2, p. 332 (repealed 1949).

duration; it will be much concerned if two people are forced to remain legally bound to one another when this status can do nothing but engender additional bitterness and unhappiness.

This observation is consistent with the policy underlying our dissolution statutes.

RCW 26.09.050 should be read to give effect to, not defeat, the legislative intent. *Strenge v. Clarke,* 89 Wn.2d 23, 569 P.2d 60 (1977). Requiring a dissolution decree to await trial on other issues undermines the legislative intent of requiring courts to promptly terminate unworkable marriages. The legislature has directed the trial court to "consider, approve, or make provision" for other issues at the time of the decree of dissolution. RCW 26.09.050. These duties, for the first time, are phrased in the disjunctive. The language no longer mandates concurrent resolution of all issues.[2] The only requirement imposed is that the trial court "consider" all the issues at the time of the decree of dissolution. The court may decide to "approve, or make provision" for these matters at a later date. This construction of RCW 26.09.050 promotes the legislative intent. *Strenge v. Clarke, supra.*

A material change in a statute creates a presumption of a change in the legislative intent. *Strunk v. State Farm Mut. Auto. Ins. Co.,* 90 Wn.2d 210, 580 P.2d 622 (1978). Here, the new intent is to provide prompt dissolution of unworkable marriages without regard to fault or a period of separation. To promote this policy, *Strenge v. Clarke, supra,*

---

[2]The predecessor statutes include: Code of 1881, § 2007 *as amended by* Laws of 1891, ch. 26, § 5, p. 43 (repealed 1949); Laws of 1949, ch. 215, § 11, p. 701 (repealed 1973) (formerly codified as RCW 26.08.110). The court in *Shaffer v. Shaffer, supra,* construed former RCW 26.08.110 which provided:

Upon the conclusion of a divorce or annulment trial, the court must make and enter findings of fact and conclusions of law. If the court determines that either party, or both, is entitled to a divorce or annulment, judgment shall be entered accordingly, granting the party in whose favor the court decides a decree of full and complete divorce or annulment, and making such disposition of the property of the parties, either community or separate, as shall appear just and equitable . . . and shall make provision for costs, and for the custody, support and education of the minor children of such marriage.

and to construe RCW 26.09.030 and .050 harmoniously,[3] *Publishers Forest Prods. Co. v. State,* 81 Wn.2d 814, 505 P.2d 453 (1973), we hold that the superior court has the authority to dissolve the parties' marriage without concurrent resolution of other issues. In so holding, we respectfully disagree with the majority in the recent decision of *In re Marriage of Little,* 26 Wn. App. 814, 614 P.2d 240 (1980), to the extent it would prohibit bifurcation. Our analysis and that of the dissent in *Little* are more consistent with the intent of the legislature.[4]

In reaching this conclusion, we have carefully reviewed the argument that certain practical concerns compel a rejection of bifurcation. This contention envisions a "parade of horribles" including the loss of many property rights and protracted litigation over new and complex property issues. This argument is not persuasive for several reasons.

First, similar problems already exist whenever the parties to a dissolution proceeding are required to remain married to each other while awaiting trial on the disposition of their property and other ancillary matters.

Second, trial courts already have some experience with these problems when there is a successful appeal of a property distribution decree that does not affect the finality of the termination of the marriage. RCW 26.09.150.

Third, the problems of characterizing and disposing of property remain largely the same whether the proceeding is

---

[3]Our conclusion is also consistent with RCW 26.09.080. It does not require a property distribution order to accompany the decree of dissolution. That statute requires an order disposing of the property in the "proceeding for dissolution of the marriage," and that "proceeding" continues after entry of the decree of dissolution. *See also* RCW 26.09.090 and 26.09.100.

[4]Const. art. 4, § 6 (amendment 65) vests the superior court with original jurisdiction in matters of divorce. Our decision is consistent with the rule that constitutional courts have the inherent authority to regulate their own procedures. *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P.2d 397 (1936). It is also consistent with the authority granted the court in CR 42(b) to grant separate trials on any issue or claim.

bifurcated or unitary. The character of property is fixed as of the date of the parties' separation. RCW 26.16.010–.030, and .140. Contrary to Mrs. Hermsen's argument, a decree of dissolution in a bifurcated proceeding does not convert community property into property held as a tenancy in common. That occurs only if the property is not brought before the court or the court does not retain the jurisdiction to distribute it. *Cf. Yeats v. Estate of Yeats,* 90 Wn.2d 201, 580 P.2d 617 (1978) (tenancy in common created).

Fourth, the additional problems created by federal law and the possibility of death or remarriage are manageable. The trial court has the authority to issue interim orders necessary to protect the parties and to preserve its jurisdiction over the property.

Finally, the important right to a prompt dissolution without regard to fault is not absolute. It may conflict with other rights such as the right to the just and equitable disposition of property and liabilities guaranteed by RCW 26.09.080. Upon a showing that interim protective orders will not prevent a denial of this or some other significant right, the court may require the resolution of all issues in one decree. RCW 26.09.050.

JUDGMENT UPON ONE OF SEVERAL CLAIMS—CR 54(b)

Mary Hermsen contends that the trial court's order violated CR 54(b) which authorizes, under certain circumstances, the entry of final judgment on less than all claims presented. The rule reads:

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination in the judgment, that there is no just reason for delay and upon an express direction for the entry of judgment.

She contends that a dissolution action constitutes a single claim involving multiple legal theories and is, therefore, not subject to piecemeal disposition under CR 54(b). *Doerflinger v. New York Life Ins. Co.,* 88 Wn.2d 878, 567 P.2d

230 (1977). We do not address this contention because we conclude that CR 54(b) does not apply to this case.

■ CR 54(b) and its analog, RAP 2.2(c), ordinarily govern the finality and appealability of a judgment on less than all claims. These rules have been construed to mandate cautious and infrequent use of piecemeal final judgments and appeals. *Doerflinger v. New York Life Ins. Co., supra; Snyder v. State,* 19 Wn. App. 631, 577 P.2d 160 (1978). The question of the finality of a judgment, however, is one of substance, not procedure. *Nestegard v. Investment Exch. Corp.,* 5 Wn. App. 618, 489 P.2d 1142 (1971). Procedural rules of court cannot be used to take away substantive rights. *State v. Fields,* 85 Wn.2d 126, 530 P.2d 284 (1975); *State v. Pavelich,* 153 Wash. 379, 279 P. 1102 (1929).

■ RCW 26.09 expresses a substantive policy that can be enforced only by the piecemeal approach of bifurcation where the alternative is a delay for trial on other issues. Because they require infrequent bifurcation, CR 54(b) and RAP 2.2(c) cannot apply to this case. They cannot be used to take away the substantive right to the prompt termination of an unworkable marriage. To effectuate this substantive right, we hold that a decree of dissolution that reserves the right to dispose of other matters is a final judgment appealable under RAP 2.2(a)(1).[5] *See Nestegard v. Investment Exch. Corp., supra.*

In practical terms, a request for a bifurcated dissolution gives the other party an opportunity for a hearing to show the denial of a significant right that would justify delaying entry of the decree until all issues are resolved. Where no reason for delay exists, public policy demands the prompt

---

[5]Litigants and counsel should be wary of pursuing such an appeal unless there are arguable issues for challenging the decision to bifurcate. There are ordinarily no grounds for appealing a dissolution decree, and terms and sanctions will be awarded to the respondent if the appeal is wholly frivolous and brought solely to delay the finality of the dissolution. *Streater v. White,* 26 Wn. App. 430, 613 P.2d 187 (1980). A refusal to bifurcate, in contrast, would be subject only to discretionary review. RAP 2.3.

termination of an irretrievably broken marriage. Injustice has been too often fostered by preventing the parties from rebuilding their lives independent of each other until all issues are resolved.[6]

Affirmed.

CALLOW, C.J., and SWANSON, J., concur.

---

[6]Our opinion necessarily invalidates that portion of King County Local Rule 94.04(d)(3) that requires certain issues to be resolved at the time of the dissolution decree.