[No. 6356-9-III.   Division Three.   June 13, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS
FLEMING, *Petitioner.*

*Steven L. Michels,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven Keller, Deputy,* for respondent.

THOMPSON, J.—Dennis Fleming's request for a jury trial was stricken for his failure to appear at a pretrial conference. He petitions this court to review that decision. We reverse and remand for jury trial.

On April 1, 1983, Mr. Fleming was charged with driving while under the influence of intoxicating liquor or drugs. RCW 46.61.502. He filed a notice of appearance April 8 with the Yakima County District Court and requested a

jury trial.[1] On April 20, Mr. Fleming's attorney was mailed a printed notice of jury trial with a typed message at the bottom of the form, "PRE-TRIAL CONFERENCE IS SCHEDULED FOR THE 9TH OF MAY, 1983 AT 2:00 P.M."

Mr. Fleming had not been arraigned, had not waived arraignment, and was not present at the May 9, 1983, pretrial conference. When Mr. Fleming's attorney appeared at the conference with a written waiver of Mr. Fleming's right to be present, the district court judge presiding over the hearing refused to accept the waiver and, based on Mr. Fleming's failure to appear at the pretrial conference, struck the demand for a jury trial. The jury demand was stricken as authorized by the Local Rules for Yakima County District Court, Rule 16, which provides in part:

> Upon failure to appear the judge may proceed with the conference ex-parte, if necessary, and enter any appropriate order and may impose terms, *including striking the jury demand.*

(Italics ours.)

Following conviction but before sentencing the Superior Court granted Mr. Fleming's writ of certiorari, but summarily affirmed the District Court and remanded for sentencing stating that "requiring the defendant to be present at the pre-trial conference upon penalty of losing his right to a jury trial was not inconsistent with the defendant's right to a jury trial; . . ."

Mr. Fleming contends he was not afforded due process since he was not advised in the pretrial hearing notice that his absence might result in striking the jury trial. He also contends Yakima County Local Rule 16 is unconstitutional. We agree with both positions.

■ Mr. Fleming was not personally given notice of the pretrial conference, and he was not notified that failure to appear could result in the loss of his right to a trial by jury. Due process under the fourteenth amendment to the

---

[1]Criminal defendants in a court of limited jurisdiction need not demand a jury trial. *Seattle v. Williams,* 101 Wn.2d 445, 451, 680 P.2d 1051 (1984).

United States Constitution and article 1, section 3 of the Washington Constitution mandated notice to Mr. Fleming of potential consequences. Striking the jury trial without notice constituted deprivation of a constitutional right without due process.

■ We further conclude that had notice been given to Mr. Fleming and had he been advised of the possible consequences of his failure to appear at the pretrial conference, still, taking away his right to a trial by jury as a sanction is unconstitutional. The state and federal constitutions, not court rules, are the source of the right to a trial by jury, *Seattle v. Williams*, 101 Wn.2d 445, 680 P.2d 1051 (1984). Procedural rules of court cannot be used to take away substantive rights. *State v. Fields*, 85 Wn.2d 126, 530 P.2d 284 (1975); *State v. Pavelich*, 153 Wash. 379, 279 P. 1102 (1929); *In re Marriage of Hermsen*, 27 Wn. App. 318, 617 P.2d 462 (1980). That portion of Local Rule 16 which authorizes the court to strike the jury for defendant's failure to appear at the pretrial conference is unconstitutional.

■ The State concedes Mr. Fleming is entitled to a jury trial and asks that we remand to so allow it. Mr. Fleming contends the appropriate remedy is dismissal since a remand would subject him to double jeopardy. We agree with the State's position. Double jeopardy does not bar a retrial after a tainted conviction is reversed unless the defendant can show the taint was a product of deliberate harassment or overreaching, *State v. Funkhouser*, 30 Wn. App. 617, 622–23, 637 P.2d 974 (1981). This record will not support a finding of either harassment or overreaching. Moreover, the rule is well established unless a reversal is based on insufficiency of evidence, a defendant may be retried for the convicted offense and any lesser included offenses. *State v. Dowling*, 98 Wn.2d 542, 543–44, 656 P.2d 497 (1983); *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842, 74 L. Ed. 2d 85, 103 S. Ct. 93 (1982).

We reverse and remand for a jury trial.

McINTURFF, A.C.J., concurs.

MUNSON, J. (concurring)—I concur in the result, but believe it is unnecessary to reach the constitutional issue. *See In re Sauve,* 103 Wn.2d 322, 325, 692 P.2d 818 (1985) (citing *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982)). The local district court rule provides as an ultimate sanction the striking of the jury demand. On these facts, that giant leap was an abuse of discretion. The defense attorney appeared and was prepared to confer on any subject pertaining to the case. No satisfactory reason is established for requiring the defendant's personal presence. His absence was explained—he did not want to lose a day of work and remuneration by attending.

Notwithstanding, there is no justification given for imposing this ultimate sanction. Without a rational justification, I find an abuse of discretion. The result remains the same—remand for a jury trial.