936 P.2d 1175 (1997)
86 Wash.App. 405
Gabriele WESTBERG, Respondent,
v.
ALL-PURPOSE STRUCTURES INC., a Washington Corporation, American Bonding Co., a foreign corporation, and Hicorp Steel Buildings, Inc., a foreign corporation, Defendants.
ALL-PURPOSE STRUCTURES, INC., a Washington Corporation, Third-Party Plaintiff,
v.
Kamol LEKHAKUL, d/b/a GL Engineers, Third-Party Defendant, and
Rolla B. Bo[u]ghan, d/b/a Consolidated Engineering, Appellant.
No. 19869-0-II.
Court of Appeals of Washington, Division 2.
May 9, 1997.
As Amended June 13, 1997.
*1176 Robert Hundley Raymond, Cushman & Raymond P.S., Olympia, for Respondent.
Roy Allison Horan Rainey, Law Offices of Bennett and Rainey, Silverdale, for Appellant.
ARMSTRONG, Judge.
Rolla Boughan, a third-party defendant in an action for negligent design and construction of a pole barn, received notice that the matter would be arbitrated pursuant to the Mandatory Rules of Arbitration. Boughan did not appear for the arbitration hearing because he believed he was not responsible for the alleged negligence. The arbitrator granted an award against Boughan, who then requested a trial de novo. The trial court denied the request because Boughan had not participated in the arbitration hearing as required by Mandatory Arbitration Rule 5.4.
Boughan appeals, claiming that: (1) he participated in the arbitration by answering the complaint and interrogatories; (2) the trial court did not make a specific finding that he acted "without good cause"; (3) the notice of arbitration violated due process by not informing him that failure to appear would result in waiver of his right to trial de novo; and (4) the mandatory arbitration rules abridge constitutional and statutory rights to trial by jury. We affirm.

FACTS
Gabrielle Westberg sued All-Purpose Structures, Inc., alleging negligent construction of a pole barn. All-Purpose Structures brought a third-party complaint against Rolla Boughan, alleging that he had negligently designed the barn. Boughan answered All-Purpose Structures' complaint and interrogatories, denying any involvement in the pole barn project.
In a letter dated April 25, 1995, the arbitrator informed Boughan that an arbitration would take place on June 12, 1995.[1] Although originally represented by counsel, Boughan was pro se when he received the letter. Boughan did not appear at the hearing, and the arbitrator awarded All-Purpose $20,000 against him. The award was partly based on Boughan's failure to "appear and defend."
Boughan requested a trial de novo, which the trial court denied because Boughan had "waived his right to seek trial de novo by having failed to participate in the arbitration hearing without good cause." The court then entered a judgment on the arbitration award.

ANALYSIS
At issue is Mandatory Arbitration Rule (MAR) 5.4:
The arbitration hearing may proceed, and an award may be made, in the absence of any party who after due notice fails to participate or to obtain a continuance. If a defendant is absent, the arbitrator shall require the plaintiff to submit the evidence required for the making of an award. In a case involving more than one defendant, the absence of a defendant does not preclude the arbitrator from assessing as part of the award damages against the defendant or defendants who are absent. The arbitrator, for good cause shown, may allow an absent party an opportunity to appear at a subsequent hearing before *1177 making an award. A party who fails to participate without good cause waives the right to a trial de novo.
The interpretation of a court rule is a matter of law that we review de novo. See In re Marriage of Hansen, 81 Wash.App. 494, 498, 914 P.2d 799 (1996) ("The construction of a statute is a matter of law, and the construction given a statute by a trial court is reviewed de novo."); O'Neill v. Jacobs, 77 Wash.App. 366, 369, 890 P.2d 1092 (1995) ("Courts apply the same principles for interpreting court rules as for construing statutes."). When interpreting a rule, "we give effect to the ordinary meaning of its language." O'Neill, 77 Wash.App. at 369, 890 P.2d 1092.
Boughan argues that he "participated" in the arbitration by answering interrogatories and answering the third-party complaint. He is incorrect. First, Boughan answered the interrogatories and complaint before appointment of the arbitrator; these answers were not, therefore, part of the arbitration. See MAR 1.3(b)(1).[2] Second, Boughan did not submit a pre-arbitration statement as required by MAR 5.2.[3] Third, MAR 5.4 deals exclusively with the arbitration hearing, not the overall arbitration proceeding. The section is entitled "ABSENCE OF PARTY AT HEARING." The first phrase of the section reads, "The arbitration hearing may proceed...." Thus, the phrases "fail to participate" and "absence of any party" in MAR 5.4 can only refer to the hearing. See Washington State Bar Ass'n, Alternative Dispute Resolution Deskbook: Arbitration and Mediation in Washington § 2.3(5)(e), at 2-50 (2d ed. 1995) ("The words `fail to participate' are used in the same context as the phrase `absence of any party' and should be understood to mean that the party is absent altogether, as in default."). This interpretation is supported by Trowbridge v. Walsh, in which Division Three of this court stated that MAR 5.4 applies when only "a party is absent altogether, i.e., the classic default setting." Trowbridge v. Walsh, 51 Wash. App. 727, 730, 755 P.2d 182 (1988). We hold that Boughan did not participate in the hearing as required by MAR 5.4.
Boughan next contends the court erred by not entering a written finding that his lack of participation was "without good cause." For the purpose of deciding "good cause," the superior court was not required to enter written findings because the material facts were undisputed. See Swanson v. May, 40 Wash.App. 148, 158, 697 P.2d 1013 (1985) ("Findings of fact consist of the judge's decision on the controverted issues of fact in the case ...."); cf. Federal Signal Corp. v. Safety Factors, Inc., 125 Wash.2d 413, 422, 886 P.2d 172 (1994) (findings required for all material issues). Here, Boughan's explanation for not participating in the arbitration is undisputed: "I simply chose not to attend the arbitration process because it appeared that my position in the matter was clearly stated. Perhaps I was mistaken." Boughan failed to show "good cause." MAR 5.4.
Boughan next argues that the arbitration notice was deficient because it did not advise that he would waive his right to trial de novo if he did not appear at the hearing. We disagree. First, no statute or rule requires such notice. An arbitrator is required to give reasonable notice of only *1178 the time, date, and place of the hearing. MAR 5.1; Thurston County LMAR 5.1.[4] Second, four months before the arbitration hearing, plaintiff served Boughan, through his attorney, with a note for trial and statement of arbitrability invoking the provisions of mandatory arbitration. MAR 5.4 informs arbitrating parties of the consequences of nonparticipation. Although Boughan later represented himself, pro se litigants are bound by the same rules of procedure and substantive law as attorneys. Patterson v. Superintendent of Public Instruction, 76 Wash.App. 666, 671, 887 P.2d 411 (1994), review denied, 126 Wash.2d 1018, 894 P.2d 564 (1995).
But Boughan cites a split decision from Division Three of this Court that declared a district court rule unconstitutional because it conditioned a right to a jury trial on participation in a pretrial conference.[5]State v. Fleming, 41 Wash.App. 33, 701 P.2d 815 (1985). In Fleming, the defendant was charged with DUI. He filed a notice of appearance and demanded a jury trial. The defendant's attorney, but not the defendant, received a notice of jury trial with the following message: "PRE-TRIAL CONFERENCE IS SCHEDULED FOR THE 9TH OF MAY, 1983 AT 2:00 P.M." Fleming, 41 Wash. App. at 35, 701 P.2d 815. The defendant had neither been arraigned nor waived arraignment when his attorney appeared at the conference. The district court struck the jury demand because the defendant had not personally appeared. The Court of Appeals reversed because the defendant was not personally notified that his failure to appear could result in the loss of his right to a jury trial. In addition, two judges held that a court rule could not deprive a defendant of the constitutional right to a jury trial.
Fleming is distinguishable. First, the pretrial conference in Fleming was not an evidentiary hearing; Boughan's arbitration hearing was. Second, unlike Boughan, the defendant in Fleming was not personally notified of the hearing. Third, criminal defendants are not required to request a jury, but Boughan, a civil defendant, was. Fleming, 41 Wash.App. at 35 n. 1, 701 P.2d 815. Fourth, the primary goal of mandatory arbitrationalleviating court congestion and reducing delay in hearing civil caseswas not at issue in Fleming. See Fernandes v. Mockridge, 75 Wash.App. 207, 211, 877 P.2d 719 (1994) ("RCW 7.06, authorizing mandatory arbitration in certain civil cases, is intended primarily to alleviate court congestion and reduce delay in hearing cases."), review denied, 126 Wash.2d 1005, 891 P.2d 38 (1995).
Finally, Boughan contends that MAR 5.4 violates his constitutional and statutory right to a jury trial. Const. art. 1, § 21; RCW 7.06.050; RCW 7.06.070.[6] Mandatory *1179 arbitration, however, does not abridge the right to a jury trial. The rules of mandatory arbitration preserve the right of appeal to a court for a jury trial if the right is not waived. See Sofie v. Fibreboard Corp., 112 Wash.2d 636, 652, 771 P.2d 711, 780 P.2d 260 (1989) ("[A]vailability of a jury trial de novo to redetermine the arbitrator's conclusions preserve[s] the right protected by article 1, section 21.") (citing Christie-Lambert Van & Storage Co., Inc. v. McLeod, 39 Wash.App. 298, 693 P.2d 161 (1984)); Christie-Lambert, 39 Wash.App. at 306, 693 P.2d 161 ("A procedure for a nonjudicial determination prior to a jury trial does not violate the United States Constitution's seventh amendment right to a jury trial as long as a right of appeal to a court for a jury trial is preserved.").
Boughan confuses abridgment and waiver. The right to jury trial may be waived by inaction. E.g., Ford Motor Co. v. Barrett, 115 Wash.2d 556, 563, 800 P.2d 367 (1990) (party failed to demand jury trial or pay fee on or before setting of trial date); State v. Mottet, 73 Wash.2d 114, 116, 437 P.2d 187 (1968) (party received notification of trial date three months before trial but did not demand jury until day of trial); Lumber Mart Co. v. Buchanan, 69 Wash.2d 658, 663, 419 P.2d 1002 (1966) (party demanded jury trial and paid fee after trial started). Here, Boughan waived his right to a jury trial by failing, without good cause, to participate in the arbitration hearing.
We affirm.
MORGAN and HUNT, JJ., concur.
NOTES
[1] The letter, printed on the arbitrator's law firm letterhead, included the time of the arbitration and driving directions to it.
[2] MAR 1.3(b)(1):

Generally. Until a case is assigned to the arbitrator under rule 2.3, the rules of civil procedure apply. After a case is assigned to the arbitrator, these arbitration rules apply except where an arbitration rule states that a civil rule applies.
[3] MAR 5.2:

At least 14 days prior to the date of the arbitration hearing, each party shall file with the arbitrator and serve upon all other parties a statement containing a list of witnesses whom the party intends to call at the arbitration hearing and a list of exhibits and documentary evidence, including but not limited to evidence authorized under rule 5.3(d). The statement shall contain a brief description of the matters about which each witness will be called to testify, and whether that testimony is anticipated to be provided in writing, in person, or by telephone. Each party, upon request, shall make the exhibits and other documentary evidence available for inspection by other parties. A party failing to comply with this rule or failing to comply with a discovery order may not present at the hearing the witness, exhibit, or documentary evidence required to be disclosed or made available, except with the permission of the arbitrator.
[4] MAR 5.1:

The arbitrator shall set the time, date, and place of the hearing and shall give reasonable notice of the hearing date to the parties. Except by stipulation or for good cause shown, the hearing shall be scheduled to take place not sooner than 21 days, nor later than 63 days, from the date of the assignment of the case to the arbitrator. The hearing shall take place in appropriate facilities provided or authorized by the court.
Thurston County LMAR 5.1:
An arbitration hearing may be scheduled at any reasonable time and place chosen by the arbitrator. The arbitrator may grant a continuance without court order. The parties may stipulate to a continuance only with the permission of the arbitrator. The arbitrator shall give reasonable notice of the hearing date and any continuance to the arbitration department.
[5] Local Rule 16, of the Yakima County District Court, provided in part: "Upon failure to appear the judge may proceed with the conference ex-parte, if necessary, and enter any appropriate order and may impose terms, including striking the jury demand." Fleming, 41 Wash.App. at 35, 701 P.2d 815 (quoting rule).
[6] Const. art. 1, § 21:

The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.
RCW 7.06.050:
Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.
If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.
RCW 7.06.070: "No provision of this chapter may be construed to abridge the right to trial by jury."