
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| OLGA KOZUBENKO, | ) | |
| | ) | No. 35892-5-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Olga Kozubenko, appearing pro se, appeals the superior court's dismissal of her attempted appeal of an order of the Washington State Board of Industrial Insurance Appeals (Board). The assignments of error in her opening brief are to perceived irregularities in the superior court procedure, but no irregularities are shown. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In March 2017, Ms. Kozubenko received a secured message from the Department of Labor and Industries (Department) about her pending workers' compensation claim. It informed her she was not eligible for vocational benefits because she was found able to work, but that her claim had been kept open "only" to cover her cost for anticoagulant medication. Clerk's Papers (CP) at 9. Two days after receiving the secured message,

Ms. Kozubenko filed an appeal with the Board.  The Board denied Ms. Kozubenko's

appeal because the secured message was not a final written decision.  Her motion for

reconsideration was deemed untimely by the Board, but was treated as a motion to vacate

and was denied on July 17, 2017.

On August 17, she filed a notice of appeal in superior court from the Board's July

17 decision.

In October, Judge James M. Triplet entered a briefing schedule in the matter,

setting deadlines for filing a transcript of record and briefs and setting oral argument for

an afternoon in April 2018.

Before any of those dates came to pass, the Department—claiming it was never

served by Ms. Kozubenko with her notice of appeal to superior court, learning of it only

when court staff called to set a status conference—filed a motion to dismiss her appeal.

A note for motion was filed, setting the matter to be heard "on the regularly scheduled

Law and Motion Calendar on the 19th day of January, 2018, at 2:30 p.m."  CP at 31.  The

proof of service on the note for motion indicated it was sent on December 12, 2017, to

Ms. Kozubenko at 1221 E. 36th Avenue, Spokane, WA 99203, her address of record with

the Department (and with this court).

Courtroom minutes and a transcript of proceedings reflect the fact that the motion

was heard at the scheduled date and time by Judge Annette Plese, and that Ms.

No. 35892-5-III
*Kozubenko v. Dep't of Labor & Indus.*

Kozubenko was paged, but did not appear. The typewritten order presented by the Department and signed at that time states, in error, that "The petitioner, OLGA KOZUBENKO appeared" and that "[t]he Court has considered . . . the *parties'* oral argument." CP at 33-34 (emphasis added).

Ms. Kozubenko appeals.

ANALYSIS

Ms. Kozubenko's assignment of error states:

Superior Court erred in its decision not to review case records, while ignoring Kozubenko's brief, unlawfully change judge and failing to make sure that Ms. Kozubenko was informed by Department of upcoming hearings, Department['s] motions and Court's decisions.

Br. of Appellant at 3.

Her statement of issues states:

Whether Superior Court failed to review any records, while not following Rules and Laws during (a) change judge, (b) hearings and (c) decision by not informing or misleading Ms. Kozubenko.

*Id.* Her brief elaborates, stating the Department filed its motion to dismiss and notice of hearing on December 12, 2017, "<u>without informing me</u>. Furthermore, those filings <u>do not state</u> to which Judge they were sent." *Id.* at 4. She goes on to argue that on the date the motion was heard,

Judge Ple[ ]se, NOT Judge [J]ames M. Triplet, has had a "hearing" at 2:30 p.m. and signed prepared Order for Dismissal 15 minutes later at 2:45 p.m., stating on the dismissal ". . after the parties' oral argument. .", and more, she "rubber stamped" prepared by Department "her" Decision to Dismiss.

3

> There were [sic] no oral argument, and Laws and procedures were not followed.

*Id.*

Because Ms. Kozubenko assigns no error to the substance of Judge Plese's dismissal order, we need not address the Department's demonstration in its response brief that Ms. Kozubenko's failure to serve it provided a basis for dismissing her request for judicial review.

We address the alleged procedural violations that Ms. Kozubenko appears to suggest support setting aside the dismissal order. Pro se litigants are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993); *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

### *There is no showing that Judge Plese ignored Ms. Kozubenko's brief*

The record on appeal does not include any brief filed by Ms. Kozubenko in response to the Department's motion to dismiss. If she filed such a brief, she failed to designate it as part of the record on appeal. During the proceedings taking place on January 19, 2018, Judge Plese stated, "She has not filed any response to the Department's motion at this point." Report of Proceedings at 2.

The Department's submissions in support of its motion to dismiss are a part of the record, and they include, as an exhibit, a brief that Ms. Kozubenko filed with the Board when she requested reconsideration. But that brief addressed only her argument that she was entitled to vocational training. It did not (and could not) speak to her failure to perfect an appeal that she only later filed. Her failure to perfect her appeal by serving the Department was the only matter at issue in the dismissal motion.

*There is no showing that the judge was "unlawfully changed"*

Ms. Kozubenko cites no authority for her suggestion that Judge Triplet, rather than Judge Plese, was required to hear the motion to dismiss. Under the local administrative rules for the superior court, petitions for judicial review of an agency action are not preassigned. LAR 0.4.1(a)(14). Under local court rules, a motion in such a case is assigned for hearing by the presiding judge. LCR 40(b)(15). The report of proceedings indicates that when Judge Plese called the case at 2:40 p.m. on January 19, the Department's lawyer and an interpreter were both present, having determined to whom the hearing was assigned. Ms. Kozubenko was paged. She fails to demonstrate that Judge Plese was not the properly designated judge.

*There is no showing that the superior court failed to inform Ms. Kozubenko of hearings or decisions*

It was the obligation of the Department, not the superior court, to serve a note for hearing on Ms. Kozubenko. CR 5. The proof of service on the note for hearing indicates

5

that it was mailed to her, postage prepaid, at her correct address.  If she contested the Department's evidence that she was properly served, her remedy was to move under CR 60 for relief from the order.

Ms. Kozubenko cites no authority that required the superior court to make sure that the Department informed her of hearings, motions, and decisions.  A party, including a pro se party, must provide argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record.  RAP 10.3(a)(6).  We note that the court's dismissal order was timely brought to Ms. Kozubenko's attention somehow, since she filed her notice of appeal to this court within the required 30 days.

*The erroneous statements in the dismissal order are harmless*

The dismissal order's erroneous references to Ms. Kozubenko being present and participating in the January 19 proceedings can be explained.  Spokane local rules require a moving party to file a proposed order at the time it files its motion.  LCR 40(b)(4).  Obviously, the Department could not know on December 12, 2017, that Ms. Kozubenko would not appear at the January hearing; its proposed order assumed that she would.  The line for her signature on the dismissal order is completed with the acronym "FTA"— failed to appear—and a marginal notation indicates that she was paged at 2:45 p.m. on the hearing date.

No. 35892-5-III
*Kozubenko v. Dep't of Labor & Indus.*

While the order should have been revised to correct the mistaken references to her being present and participating, the failure to do so is harmless.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

7