IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BARBARA STUART ROBINSON<br><br>Appellant,<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>Respondent. | No. 84875-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Barbara Stuart Robinson appeals from the dismissal of her claims against Spirit Airlines. Because she did not present any recoverable civil causes of action and only presented criminal allegations in her complaint, dismissal of her suit was appropriate. Robinson also fails to establish an abuse of discretion by the trial court in its denial of her request for leave to file a third amended complaint. Accordingly, we affirm.

FACTS[1]

On October 18, 2022, Robinson had a plane ticket for a Spirit Airlines flight from Seattle to Los Angeles that was scheduled to depart at 6:37 a.m. At the Spirit check-in counter, an employee of the airline worked with Robinson to address an

---

[1] Spirit Airlines' motion to dismiss was granted pursuant to CR 12(b)(6) which requires the court presume the facts alleged in the complaint are true. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). While Robinson does not provide a facts section in her briefing before this court, Spirit properly acknowledges her accounting of the facts as set out in her complaint without conceding their truth.

Following the procedural posture of CR 12(b)(6), we similarly set out the facts here as they are presented in Robinson's complaint and presume them to be true for purposes of our review.

issue with her checked bag which exceeded the weight limit and, once that was resolved, advised Robinson that her carry-on items would need to either be condensed or placed into checked baggage for the flight. In an effort to reduce the weight of her luggage and condense her carry-on items, Robinson resorted to throwing away personal items, including electronics, clothing, blankets, and hair care products. She was issued a boarding pass at 5:47 a.m.[2] Boarding for the flight began 5 minutes later at 5:52 a.m. and, after being delayed in the line for security screening, Robinson missed the flight. Soon thereafter, Robinson filed suit against Spirit in King County Superior Court.[3] In her complaint, Robinson alleged criminal recklessness by Spirit and sought monetary damages.[4] Spirit moved to dismiss for failure to state a claim upon which relief can be granted pursuant to CR 12(b)(6), and argued that the criminal allegations Robinson raised were not applicable in a civil claim for damages.

On November 14, 2022, Robinson filed a response to Spirit's motion to dismiss along with an amended complaint. The amended complaint added "Theft in the First Degree RCW 9A.56.030," a class B felony, to the causes of action. On December 27, 2022, Spirit filed a reply to Robinson's response and, that same

---

[2] Robinson refers to the document issued at the Spirit counter as a "ticket" and Spirit adopts that same terminology, but the item in the photograph attached as an exhibit to her response to the motion to dismiss is a boarding pass in her name for a Spirit Airlines flight that matches the date, departure and boarding times set out in her complaint.

It is unclear from the record before us when Robinson purchased the ticket for the flight at issue.

[3] Robinson's amended complaint and second amended complaint are provided in the record on appeal, but her original complaint was not transmitted to this court, so the precise filing date of the initial complaint is unknown to us. However, the court noted in its dismissal order that Robinson "decided to file her [c]omplaint within hours of the events that form the basis of her claims" and the record establishes that the first amended complaint was filed on November 15, 2022, just under one month after the events giving rise to the suit.

[4] Again, the original complaint was not transmitted to this court. However, Spirit's motion to dismiss identifies this as the nature of Robinson's sole claim at that point in the proceedings.

day, Robinson filed a second amended complaint that removed theft in the first degree from the causes of action and added "complicity," citing RCW 9A.08.020.[5] The hearing on the motion to dismiss was held on January 6, 2023 and both parties presented argument.[6] Three days later, the court issued its ruling and dismissed the case. The court also denied Robinson's oral motion for leave to amend her complaint, finding that she had "already amended her [c]omplaint twice" and the "amendments still failed to contain a claim upon which relief could be granted." It explained that the denial was based on the conclusion that the motion to amend her complaint a third time would be futile as Robinson "could not identify any claim or allegations she would add or change."

Robinson appealed.[7]

ANALYSIS

I.       Compliance with Rules of Appellate Procedure

As a preliminary matter, Spirit argues that Robinson's brief is both untimely and noncompliant with the Rules of Appellate Procedure (RAP) and asks this court to impose sanctions on that basis. Since Robinson did not file a report of proceedings with this court, her brief should have been filed "within 45 days after . . . fil[ing] the designation of clerk's papers and exhibits in the trial court." RAP 10.2(a). She initially filed the designation of clerk's papers on February 9,

---

[5] While Robinson removed theft in the first degree from the causes of action set out in her complaint, she reiterated that allegation in her response to Spirit's motion to dismiss.

[6] Robinson did not designate the report of proceedings from that hearing as part of the record on appeal. However, the court's ruling refers to oral argument on the motion and the parties' respective briefing establishes that both Robinson and counsel for Spirit were present and heard by the court.

[7] Robinson twice amended her notice of appeal. The second amended notice of appeal, received on February 13, 2023, controls here.

2023, but then filed an amended designation of clerk's papers on February 14; the latter filing date established March 31, 2023 as the due date for her opening brief under RAP 10.2(a). However, Robinson also filed a statement of arrangements on May 1, 2023 wherein she indicated that she had ordered a transcript of the January 6, 2023 hearing. She then filed an amended statement of arrangements on May 2, and a second amended statement of arrangements on May 3 both of which indicated she would not be ordering a transcript of the hearing after all. Using the filing date of the second amended statement of arrangements for the calculation of time under RAP 10.2(a) results in a June 17 due date for her opening brief. Under RCW 1.12.040, that date is adjusted to June 20 as June 17 fell on a weekend followed by a Monday holiday. As Robinson's opening brief was filed on July 11, 2023, it is untimely under either method of calculation.[8]

Robinson's amended opening brief also fails to comply with RAP 10.3(a), which requires a table of contents, assignments of error, statement of the case, and argument. RAP 10.3(a)(2), (4)-(6). Although the brief lists the labels of those requirements, the substance of the requirements was not met.[9] Robinson fails to apply the rule she presents, CR 12(b)(7), to the facts of her case; no facts from the

---

[8] Robinson's opening brief was rejected by the clerk of this court as noncompliant with the RAPs. Robinson later filed an amended opening brief and a commissioner ruled as follows:
    Appellant's amended opening brief is accepted as filed on July 19, 2023 with the understanding that the panel assigned to decide the appeal has the authority to determine whether any substantive and/or technical deficiencies will prevent consideration of the merits.

[9] The "Tables" section does not have a table of alphabetically arranged cases or statutes with references to page numbers; the "Assignments of Error" is phrased in a manner which does not clearly put Spirit or this court on notice of the challenges presented on appeal ("Trial court erred evidence of any material fact to dismiss case upon defendant's motion to dismiss pursuant to Civil Rule 12(b)(6) and (7)."); the "Statement of the Case" does not include a "fair statement of the facts and procedure relevant to the issues;" and the "Argument" is purely a recitation of legal rules without application to the circumstances of her case or the "standard of review as to each issue." RAP 10.3(a)(2), (4)-(6).

trial court are cited at all. While she argues that the motion should have been converted to one for summary judgment and does cite CR 56 in her brief, she fails to engage with the standard set out by that rule.

"[P]ro se litigants are bound by the same rules of procedure and substantive laws as attorneys." *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). Robinson's noncompliance with the RAPs, particularly the failure to reference the record, limits the ability of this court to consider each challenge she presents. However, we decline Spirit's invitation to impose sanctions on Robinson under RAP 18.9 based on timeliness and other issues of noncompliance with the RAPs because her briefing was ultimately accepted by a commissioner and provided sufficient information that Spirit was able to respond.

II.    Termination of Suit by Pretrial Motion

A.  CR 12(b)(6) Motion to Dismiss

Robinson asserts that the trial court improperly ruled on Spirit's CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and was instead required to consider the motion as a request for summary judgment dismissal under CR 56. We review de novo an order granting a motion to dismiss under CR 12(b)(6). *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015). "Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot prove any set of facts consistent with the complaint that would entitle the plaintiff to relief." *Id.* Under CR 12(b)(6), all facts in the plaintiff's complaint are presumed to be true, but the legal conclusions are not required to be accepted. *Id.* In other words, "[i]f a plaintiff's claim remains legally insufficient

even under [their] proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

Each version of Robinson's complaint references only criminal law concepts with no causes of action that support civil recovery. It is well established that "all criminal prosecutions must be brought in the State's name and by the State's authority." *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 213, 304 P.3d 914 (2013) (citing WASH. CONST. art. IV, § 27)). More critically, RCW 9A.08.010(c), which Robinson references for her cause of action in "recklessness," defines the requirements to determine criminal culpability, and RCW 9A.08.020, which she references for "complicity," explains the framework of the legal theory for accomplice liability used by the State to seek convictions for criminal actors who may not have directly committed the alleged crime. These two concepts Robinson identifies as her causes of actions are not standalone crimes but key aspects of criminal practice in our State. Accordingly, even presuming the facts in her second amended complaint to be true, Robinson identified no cause of action by which she could recover under its plain language and the trial court did not err when it granted Spirit's motion to dismiss.

B. CR 56 Motion for Summary Judgment

Robinson also cites CR 12(b)(7)[10] and repeatedly asserts that Spirit's motion to dismiss should have been converted to one for summary judgment.

---

[10] Although Robinson references CR 12(b)(7), she uses language from the rule that is not a part of provision (7), but follows it. For example, in Appellant's Br. at 6, Robinson references CR 12(b)(7) but the quote provided is ". . . matters outside the pleadings are presented to and not

CR 12(b) establishes certain defenses that may be made by motion and further notes that when the court considers matters outside the record on a motion to dismiss under 12(b)(6), "the motion shall be treated as one for summary judgment and disposed of as provided in rule 56." Under the plain language of that rule, a motion for summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). That is to say, "[i]f materials outside of the pleadings are considered, the CR 12(b)(6) motion is treated as a summary judgment motion under CR 56." *Berst v. Snohomish County*, 114 Wn. App. 245, 251, 57 P.3d 273 (2002).

In this case, the trial court granted Spirit's motion to dismiss after reviewing the following pleadings only: Spirit's CR 12(b)(6) motion, Robinson's first amended complaint and response in opposition to the CR 12(b)(6) motion, Spirit's subsequent reply, and Robinson's second amended complaint. In her brief, Robinson argues that "the trial court considered oral argument outside of the pleadings," but provides no explanation or reference to what oral argument she is referring. (Capitalization omitted.) The ruling on the motion clearly delineates the information upon which the court based its decision. As Robinson did not provide the report of proceedings to this court, we are unable to independently determine if either party requested consideration of additional facts outside of those

excluded by the court, the motion must be treated as one for summary judgment," which is part of the section in the rule that is subsequent to (7). The formatting of the rule online, as opposed to that in the bound volumes of court rules makes it difficult to determine where (7) ends. Accordingly, we address the substance of her argument despite the inaccurate subsection reference.

pleadings. In the absence of sufficient argument in support of this assertion, Robinson fails to demonstrate error on this basis.[11]

III.    Denial of Motion To Amend Complaint

Without a formal assignment of error, Robinson next argues that the trial court erred when it denied her request to amend her complaint for a third time. Although CR 15 provides that a party is entitled to amend their complaint "once as a matter of course," the language of the rule makes it clear that further amendments are at the court's discretion. CR 15(a) ("Otherwise, a party may amend the party's pleading only by leave of court."). A court must give leave for a party to amend their complaint "when justice so requires." *Id.* "The standard of review of a trial court's denial of a motion to amend pleadings is abuse of discretion." *Bank of Am. NT & SA v. David W. Hubert*, *PC*, 153 Wn.2d 102, 122, 101 P.3d 409 (2004). "A judge abuses [their] discretion when no reasonable judge would have reached the same conclusion." *State v. Comcast Cable Commc'ns Mgmt., LLC*, 16 Wn. App. 2d 664, 676, 482 P.3d 925 (2021). Robinson initiated this case with her complaint and amended it twice before the hearing on the motion to dismiss. In making her request during the hearing for leave to again amend her complaint, she "failed to identify any" claims that she would add or change in a

---

[11] Robinson also claims several times in her briefing that her due process rights were violated. However, the record establishes that she received notice of Spirit's CR 12(b)(6) motion as she not only filed a response, but also amended her complaint for the second time. The record further demonstrates that she was present at the hearing and had an opportunity to be heard on the motion as it was during that hearing that she orally requested leave to file a third amended complaint.

As she fails to identify what additional process she was due, how it was denied, or otherwise engage with the proper legal standard by which to analyze this challenge, we decline to consider it further.

third amended complaint and she identifies none on appeal. She fails to demonstrate that no reasonable judge would have reached the same conclusion based on the facts and record before the trial court. The court did not abuse its discretion when it denied her request to file a third amended complaint.

IV.     Attorney Fees

Spirit asserts Robinson's appeal is frivolous and also seeks attorney fees on that basis under RAP 18.9(a). The rule expressly permits this court to award attorney fees as a sanction when it deems an appeal frivolous. "An appeal is frivolous when, considering the entire record, it 'presents no debatable issues upon which reasonable minds might differ' and 'is so devoid of merit that there is no possibility of reversal.'" *Hays Elliott Props., LLC v. Horner*, 25 Wn. App. 2d 868, 876-77, 528 P.3d 827 (2023) (quoting *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010)). While Robinson does not prevail, her appeal was not devoid of merit such that it was frivolous. We decline Spirit's request for fees on this alternate basis.

Affirmed.

_____
Hazelrigg, A.C.J.

WE CONCUR:

_____        _____
Coburn, J.                                                      Dwyer, J.