IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THUONG NGUYEN; VAN HUYNH; OANH DINH; KIET PHAM; and CASINO ROAD CENTER LLC,<br><br>            Respondents,<br><br>        v.<br><br>HANG NGOC HOANG,<br><br>            Appellant,<br><br>SUONG NGOC HOANG; CHUNG NGUYEN; and SUSANNA TRAN,<br><br>            Defendants. | No. 84368-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — On June 8, 2022, a trial court granted a partial summary judgment motion concluding Hang Ngoc Hoang was liable for violating the Washington State Securities Act ("WSSA"), ch. 21.20 RCW. Hoang challenges this order on appeal, arguing that she did not "offer or sell any security" under RCW 21.20.140. We disagree and affirm.

BACKGROUND

In January 2022, Thuong Nguyen, Van Huyn, Oanh Dinh, Kiet Pham, and Casino Road Center LLC ("Plaintiffs") filed a complaint against Hang Ngoc (Tina) Hoang and others alleging claims including violation of the WSSA. Plaintiffs asserted that Hoang violated the WSSA when she, among other actions, solicited Plaintiffs for investments for "a technology and cryptocurrency company, Alfa Enzo Inc." (Alfa).

Hoang represented to the Plaintiffs that Alfa was an investment opportunity and told investors that Alfa would use the funds to further the development of a social media application, smart-watches, and a blockchain-based computer network. Hoang offered to broker the investments in exchange for cryptocurrency, which Hoang referred to as "coins." The coins eventually could be used once the products and network were completed. Hoang told investors that by investing at an early stage, they would receive coins at a discounted rate. Based on these representations, Dinh and Pham made over a dozen payments totaling $1,945,000 to Hoang or, at Hoang's direction, to Alfa or an associate of Hoang.

In May 2022, Plaintiffs moved for partial summary judgment on their WSSA claim against Hoang. In support of their motion, Plaintiffs offered evidence of a settlement agreement from a separate matter wherein Hoang "represent[ed] and warrant[ed]" an "exhaustive list" of "all persons and/or entities . . . from whom she has accepted money or other thing[s] of value . . . for the actual or purported purpose of funding" Alfa. Per Hoang's list, the total amount she accepted was $1,595,000. Plaintiffs also included screenshots of text messages between Hoang and Plaintiff Dinh. These messages demonstrated Hoang's solicitation and text messages between Hoang and Alfa CEO Tony Tran planning the solicitation.

The trial court granted the partial summary judgment motion as to Hoang's liability but denied the motion as to damages, concluding there were material issues of fact, "presumably related to questions surrounding recission and the specific proof of damages to be awarded." Hoang sought discretionary review of the order, and a commissioner of this court stayed the appeal pending resolution of the damages issue.

2

On August 29, 2022, Plaintiffs filed a motion for partial summary judgment for damages against Hoang after reaching a settlement with Alfa "wherein they received $1,255,000." The trial court concluded "the plaintiffs' settlement with Alfa [was] the recission/tender required under RCW 21.20.430(1)" and awarded Plaintiffs $340,000—the remaining amount "from the investment payments they channeled to and/or through Defendant Hoang, along with costs, interests, and attorney fees." A commissioner of this court ruled that "[a]s no party appears opposed to immediate review," the appeal could proceed under CR 54(b).

## DISCUSSION

On appeal of an order granting summary judgment, we review de novo whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "The moving party has the burden of showing that there is no genuine issue as to any material fact." Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 70, 170 P.3d 10 (2007). "The nonmoving party avoids summary judgment when it 'set[s] forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.' " Ranger Ins. Co., 164 Wn.2d at 552 (quoting Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986)).

RCW 21.20.140 states:

It is unlawful for any person to offer or sell any security in this state unless: (1) The security is registered by coordination or qualification under this chapter; (2) the security or transaction is exempted under RCW 21.20.310, 21.20.320, or 21.20.880; or (3) the security is a federal covered

3

security, and, if required, the filing is made and a fee is paid in accordance with RCW 21.20.327.

On appeal, Hoang assigns error to the trial court's application of RCW 21.20.010 and .040[1] to her conduct and its conclusion that Hoang acted as an unregistered securities broker or seller.

The undisputed evidence established that Hoang violated RCW 21.20.140 because it was "unlawful for any person to offer or sell" the investments in Alfa that Hoang admitted to soliciting. The court relied on Hoang's claims in the separate lawsuit filed against Alfa, Tran, and some of its officers. There, Hoang admitted that the investments she solicited that gave rise to this lawsuit are securities that "were not registered with state securities regulators, and . . . did not qualify for any exemption from registration."

On appeal, Hoang claims there is an "absence of evidence of solicitation or advice" or that she offered or sold securities within the meaning of the WSSA because Plaintiffs had already "independently decided to invest" and she was "merely assisting [Plaintiffs] in transferring their own funds" to Alfa at their request. Therefore, she argues that RCW 21.20.040 does not apply to her because she was an "intermediar[y]" who

---

[1] Hoang assigns error to the court's application of RCW 21.20.010, which provides,

It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:
    (1) To employ any device, scheme, or artifice to defraud;
    (2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
    (3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Hoang also assigns error to the court's application of RCW 21.20.040, which addresses registration requirements for broker-dealers, salespersons, and investment advisers. However, the trial court's order granting partial summary judgment held Hoang liable based on RCW 21.20.140, not based on RCW 21.20.010 or .040.

4

"did not offer a security" nor "initiate or participate in any negotiation." She further asserts she "did not solicit the investment, offer advice, or represent [her]self as someone authorized to sell securities."

The WSSA defines an "offer" as "every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value." RCW 21.20.005(14). Under the WSSA, "[a] 'seller' includes any party whose acts were a 'substantial contributive factor' to the sale. This is meant to be an expansive definition." FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 971, 331 P.3d 29 (2014) (quoting Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 131, 744 P.2d 1032 (1987)) (citations omitted).

Contrary to Hoang's assertions, the record was replete with undisputed evidence that Hoang offered and sold securities to the Plaintiffs and others. For example, the record contains text messages[2] from Hoang to Dinh sharing information about Alfa and suggesting to Dinh, "[i]f you like, just invest a little bit for fun. At the end of this year, you will get 2 to 4 times the profit of your investment." The record also contained text exchanges between Hoang and Tran discussing Hoang's recruitment of investors, Alfa's capital management, and knowledge of the illegality of their actions. In addition, the record contained pleadings from Hoang's lawsuit against Alfa wherein Hoang attested that she "agreed to host dinners at [her] home where Mr. Tran . . . could pitch Alfa to [her] family, friends, and contacts" and "used [her] substantial network and status as a respected member of the Vietnamese immigrant community to obtain substantial additional investment from [her] friends, family, and contacts. Many of these investors

---

[2] The text messages were in Vietnamese, but the record included certified translations as exhibits.

were non-native English speakers and not sophisticated investors." Significantly, as described above, the record contained a settlement agreement with Alfa that listed—pursuant to Hoang's representation and warranty—"all persons and/or entities" from whom she "has accepted money or other thing[s] of value, or a promise to pay money or other thing[s] of value, for the actual or purported purpose of funding [Alfa]" and "the amount of money or the dollar value of any non-monetary thing of value she accepted from all persons/entities identified."

Hoang does not challenge this evidence. Nor does she substantiate her argument with citations to the record or legal authority explaining why the above evidence does not constitute an "offer" under the WSSA. See RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by reference to the record or citation to authority will not be considered).[3] Therefore, Hoang's argument that her conduct did not satisfy the statute is unavailing.

Hoang also did not challenge the order granting partial summary judgment on the issue of damages or provide argument as to the assignment of error regarding RCW 21.20.010. Accordingly, we need not address those issues.

We conclude that the trial court did not err in its determination on summary judgment that Hoang was liable for violating RCW 21.20.140. Therefore, we affirm the trial court's grant of partial summary judgment against Hoang and assessing damages against her.

---

[3] We note that Hoang represented herself in her briefing on appeal. Pro se litigants are "bound by the same rules of procedure and substantive law as attorneys." Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

Finally, Respondents in this appeal, i.e., the Plaintiffs below, seek attorney fees on appeal under RAP 18.1. RAP 18.1(a) authorizes an award where "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." The applicable law here, RCW 21.20.430(1), allows a party to recover attorney fees when they have bought a security from "[a]ny person, who offers or sells a security in violation of any provisions of . . . [RCW] 21.21.140(1) or (2)." The trial court awarded attorney fees below on this basis by stipulation of the parties as to the reasonable fees and costs. Here, too, we award attorney fees on appeal under RCW 21.20.430(1) to Respondents, subject to their compliance with RAP 18.1(d).

CONCLUSION

We affirm.

_Chung, J._

WE CONCUR:

_Coburn, J._                    _____, ACJ